SILER, Circuit Judge.
Michael Sorrell appeals his sentence of 262 months’ imprisonment. He asserts that the district judge did not adequately explain his sentence and that it was unreasonable. For the following reasons, we AFFIRM.
I. BACKGROUND
Sorrell was indicted for conspiring to distribute and possess with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(l)(A)(ii), and 846. Sorrell pleaded guilty pursuant to a written plea agreement, which acknowledged that he faced a mandatory sentence of life imprisonment under the original penalty enhancement information, but stated that the court would be required to sentence him to a mandatory twenty years’ imprisonment with the amended penalty enhancement information. Attachments to the agreement indicated that his Guidelines range was 188-235 months.
During the preparation of the presen-tence report, which classified Sorrell as a career offender under USSG § 4B1.1, the parties discovered that the written agreement inaccurately calculated Sorrell’s Guidelines range. With application of the career offender enhancement, his Guidelines range was 262-327 months. The district court gave Sorrell the opportunity to withdraw his plea. Sorrell declined and chose to move forward, knowing that he would be subject to an advisory Guidelines range of 262-327 months.
At the sentencing hearing, Sorrell requested — without notice to the government — a downward departure from the Guidelines range pursuant to § 4A1.3(b)(l), which permits a downward departure “[i]f reliable information indicates that the defendant’s criminal history category substantially over-represents the seriousness of the defendant’s criminal history or the likelihood that the defendant will commit other crimes.” The district court denied that request, noting that “on the review of [Sorrell’s] criminal history, character and conduct that the scoring adequately represents the likelihood of future misconduct.” During the allocution stage of the hearing, Sorrell specifically requested “a sentence at the low end of the [Guidelines range which [he] understood] to be 262 months.” The district court granted Sorrell’s request for a low-end sentence and imposed a sentence of 262 months. In coming to that conclusion, it stated:
I have little to add. I think [Sorrell’s counsel] frankly has summarized [Sor-rell’s] circumstances well. [He] is here as a result of his repeat felony drug misbehavior. She is correct also I think fairly in indicating as does the report that he has given care for his two children. I do not view as a result a strong predicate for departing from the lower end of the [G]uidelines.
The district court also ordered Sorrell be placed in an institution with a comprehensive drug treatment program, imposed ten years of supervised release, and *674 waived all fines and costs except>-2 — the $100 special assessment. Before concluding the hearing, the district court asked Sorrell’s counsel if she had any questions or objections to the sentence. She responded that she did not.
II. DISCUSSION
“We review a district court’s sentencing determination, ‘under a deferential abuse-of-discretion standard,’ for reasonableness.” United States v. Bolds, 511 F.3d 568, 578 (6th Cir.2007) (quoting Gall v. United States, 552 U.S. 38, 41, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007)). Reasonableness review has two components: procedural and substantive. Gall, 552 U.S. at 51, 128 S.Ct. 586. Sorrell challenges both components.
A. Procedural Reasonableness
A district court abuses its sentencing discretion if it “eommit[s][a] significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range.” Id. Sorrell claims that the district court’s explanation for his sentence was inadequate. Because he did not challenge the adequacy of the explanation before the district court at any time during the sentencing hearing, even after the court asked if he had any objections, we review this challenge for plain error. United States v. Vonner, 516 F.3d 382, 386 (6th Cir.2008); United States v. Bostic, 371 F.3d 865, 872-73 (6th Cir. 2004).
Sorrell specifically asked for a sentence at the low end of the Guidelines range — not a variance — based on his family history, an early exposure to substance abuse, his own personal substance abuse history, his limited crack cocaine sales to a “smaller, targeted group” of people, and his role as a parent to two children. The district court agreed with Sorrell’s request and sentenced him to 262 months’ imprisonment. Although its explanation was cursory, the district court stated that Sor-rell’s counsel summarized his situation well, pointed to his “repeat felony drug misbehavior,” and noted his role as a caregiver for his two children. The sentencing judge also noted that the Guidelines are merely advisory, that the factors outlined in § 3553(a) provide the criteria for determining the appropriate sentence, and that he had considered those factors in imposing the sentence.
Considering the framework through which we review Sorrell’s challenge, the district court did not commit plain error in explaining the sentence. See, e.g., Vonner, 516 F.3d at 386-87 (concluding that the district court had not committed plain error when his explanation stated that he “had ‘considered the nature and circumstances of the offense, the history and characteristics of the defendant, and the advisory Guidelines range, as well as the other factors listed in 18 [U.S.C. § ] 3553(a)’ ”). A district court is not required to provide as much specificity in its explanation of a within — Guidelines sentence— such as this one-compared to an outside-Guidelines sentence. Id. at 387. We have also explained that “the district court need not explicitly reference each of the § 3553(a) factors,” so long as there is “sufficient evidence in the record to affirmatively demonstrate the court’s consideration of them.” United States v. McBride, 434 F.3d 470, 476 n. 3 (6th Cir.2006). Although the district court did not explicitly reference the individual factors, it referred to § 3553(a) and demonstrated consideration of the factors therein. Most important, because Sorrell’s sentence was pre *675 cisely what his counsel requested, a lengthy explanation was not necessary under these circumstances.
B. Substantive Reasonableness
Although Sorrell focused on his procedural challenge in his brief and at oral argument, he also appears to challenge the substantive reasonableness of his sentence. Because a defendant is not required to object to the “reasonableness” of the length of his sentence during the sentencing hearing, we review challenges to substantive reasonableness for abuse of discretion. Vonner, 516 F.3d at 389 (“[R]easonableness is the standard of appellate review, not the standard a district court uses in imposing a sentence.”). We apply a presumption of reasonableness for within-Guidelines sentences. Id. (electing to continue this tradition after it was affirmed by Rita, 551 U.S. at 347, 127 S.Ct. 2456).
Sorrell, however, has not rebutted the presumption here. The district court had ample reason to believe that 262 months’ imprisonment was the appropriate sentence for Sorrell. Even though he helped care for two children, had an early exposure to controlled substances and a history of substance abuse, Sorrell also had a very long criminal history, which the district court pointed out. The presentence report reflected that he had four felony convictions and a misdemeanor conviction, and that he was on supervised release when he committed the offense at issue here. On this record, we cannot say that the district court’s 262-month sentence — the bottom of the Guidelines range — was unreasonable. Indeed, the 262-month sentence was exactly the sentence requested by Sorrell’s counsel to be imposed by the district court.
AFFIRMED.