RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 10a0156p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

            *v.*

No. 09-5006

JEFFREY THOMAS HARMON,
                    *Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Eastern District of Tennessee at Knoxville.
No. 08-00092-001—Thomas W. Phillips, District Judge.

Submitted: April 30, 2010

Decided and Filed: June 2, 2010

Before: GIBBONS and GRIFFIN, Circuit Judges; DOWD, Senior District Judge.[*]

_____

## COUNSEL

**ON BRIEF:** Paula R. Voss, FEDERAL DEFENDER SERVICES OF EASTERN, TN., INC., Knoxville, Tennessee, for Appellant. Cynthia F. Davidson, ASSISTANT UNITED STATES ATTORNEY, Knoxville, Tennessee, for Appellee.

_____

## OPINION

_____

        JULIA SMITH GIBBONS, Circuit Judge. Defendant-appellant Jeffrey Thomas Harmon appeals the district court's decision ordering that his 46-month sentence for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) be served

_____

[*] The Honorable David D. Dowd, Jr., Senior United States District Judge for the Northern District of Ohio, sitting by designation.

consecutively to an undischarged state sentence on an unrelated conviction for voluntary manslaughter. For the reasons that follow, we affirm the district court's decision.

I.

The Presentence Investigation Report ("PSR"), to which Harmon had no objection, summarized the offense conduct relevant to Harmon's state and federal convictions.

On April 7, 2006, Harmon pled guilty to voluntary manslaughter in the Criminal Court of Clairborne County, Tennessee, and was sentenced to nine years imprisonment. He was judicially released on June 2, 2007. On March 10, 2008, Harmon's parole officer received information that Harmon was outside his residence shooting a weapon. Harmon was arrested and admitted that he had been shooting a rifle. On the following day, the parole officer and law enforcement officers searched Harmon's residence and found three guns, more than 1,000 rounds of ammunition, and over an ounce of marijuana. Harmon was subsequently indicted on and pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). As a result of the discovery of the firearms at issue in the federal case, Harmon's state parole was revoked on April 21, 2008.

The PSR recounted Harmon's personal circumstances. Harmon graduated from high school and had been a certified welder in the past. He has been on disability since 1991 but reported a steady work history, including driving a truck and factory work, before his disability. He suffered from a number of physical ailments, including the amputation of his left leg due to diabetes, hypertension, chronic pain syndrome, cartilage damage in his right knee, and ulcers on his arms and legs. He was also treated for depression and had attempted to commit suicide in 2006 while in jail. Harmon smoked marijuana daily and used up to $200 of crack cocaine a month until his arrest. He indicated that he wished to enter a drug and alcohol treatment program while incarcerated.

Starting from a base offense level of 20, the PSR calculated an adjusted offense level of 19 after adjustments for the number of firearms involved and Harmon's acceptance of responsibility. The PSR also calculated that Harmon was in criminal history category IV. The applicable Guidelines range was 46 to 57 months. The parties did not object to the PSR.

Harmon appeared with appointed counsel for sentencing on December 16, 2008. The district court stated that "the sentence of this court shall be made pursuant to the factors set forth in [18 U.S.C. § 3553(a)], treating the sentencing commission guidelines as advisory only." Harmon's counsel then requested that his sentence run concurrently with the state sentence. She first noted that Harmon was not in great health and suffered from diabetes and depression. She then stated that Harmon's state sentence ran until 2015 and his "first parole eligibility would be coming up probably in the spring of next year [with] no guarantee or even expectation I don't think that he is going to make parole the first time around." She then pointed out that Harmon was not in a work training program while in state custody and was scheduled to enter a nine-month drug and alcohol treatment program with a component on anger management. She argued that state incarceration provided Harmon with medical care and drug and alcohol treatment and that "he is receiving most of what he needs in the state system." She asked the district court to order that Harmon's sentence run either concurrently or partially concurrently with his state sentence and contended that if Harmon made parole, "he would be paroled directly to his federal sentence at that time." Defense counsel concluded by remarking that Harmon's drug treatment could be provided during his supervised release. The government requested that Harmon be sentenced within the Guidelines range and did not take a position on the issue of concurrent or consecutive sentencing.

The district court first addressed Harmon's argument for a concurrent sentence. The district court ordered that Harmon's sentence be served consecutively to the state sentence, stating:

> Well, I am not at all sure why the state placed Mr. Harmon on judicial release. It appears to me that it's inappropriate in this case to run the sentences concurrent. Ms. Voss, you can always seek to get the state of Tennessee to run part of its sentence concurrent with the federal sentence. In this case I don't believe, I just don't have the confidence in what the state is going to do that would allow me to allow these sentences to run concurrently with the state of Tennessee sentence.

It then pronounced a 46-month sentence, at the bottom of the applicable Guidelines range, having "considered the nature and circumstances of the offense, the history and characteristics of the defendant and the advisory guideline range, as well as the other factors listed in [18 U.S.C. § 3553(a)]."

Before explaining its reasoning, the district court asked counsel for any "objection to the sentence as previously read and stated by [the] court," and defense counsel responded, "Only as to the concurrency, Your Honor." Neither the court nor counsel addressed any further objection and the district court proceeded to explain that it was concerned by Harmon's possession of multiple firearms and ammunition, especially in light of his voluntary manslaughter conviction. The court was troubled by Harmon's continued use of firearms, significant history of substance abuse, and mental health issues. As a factor in Harmon's favor, the court pointed to Harmon's high school degree and certification as a welder and found that Harmon could enhance his skills while in custody. These factors led the court to find that a 46-month sentence was "sufficient but not greater than necessary, to reflect the seriousness of the offense, and, importantly, to protect the public from further crimes of this defendant." At the end of the hearing, the court asked counsel if anything further needed to be taken up with the court, and both responded negatively.

Harmon timely appealed, arguing that the district court's failure to consider the factors set forth in U.S.S.G. § 5G1.3 rendered his sentence procedurally unsound and that the district court failed to fashion an incremental punishment that was sufficient but not greater than necessary to meet the mandate of 18 U.S.C. § 3553(a).

II.

We review a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007).  Because defense counsel did not object to the district court's purported procedural error in failing to consider U.S.S.G. § 5G1.3 with enough specificity, a plain error standard of review applies.  However, a reasonableness standard of review applies to Harmon's substantive argument because counsel clearly argued to the district court that he deserved a concurrent sentence based upon his health, parole status, and eligibility for drug and mental health treatment.

"A party 'must object with that reasonable degree of specificity which would have adequately apprised the trial court of the true basis for his objection.'" *United States v. Bostic*, 371 F.3d 865, 871 (6th Cir. 2004) (quoting *United States v. LeBlanc*, 612 F.2d 1012, 1014 (6th Cir. 1980) (citations omitted)).  "A specific objection provides the district court with an opportunity to address the error in the first instance and allows this court to engage in more meaningful review." *Id*.  We require district courts to "ask the parties whether they have any objections to the sentence . . . that have not previously been raised." *Id*. at 872.

The so-called *Bostic* question is "especially pertinent with respect to objections that concern the adequacy of the court's explanation precisely because such objections cannot be made until after the court states its reasoning in the course of sentencing the defendant." *United States v. Simmons*, 587 F.3d 348, 354 (6th Cir. 2009).  In *Simmons*, defense counsel argued at sentencing that the defendant deserved a downward variance because of the Guidelines' disparate treatment of crack and powder cocaine crimes. *Id*. at 355.  In response to the *Bostic* question, counsel objected "just for the record for the procedural, substantive aspects." *Id*. (quoting counsel).  On appeal, the defendant argued that the district court failed to address his argument for a variance.  We held that counsel's failure to object specifically that the sentencing judge did not address her policy argument required the application of plain-error review. *Id*. at 358.  Although counsel responded to the *Bostic* question in the affirmative, she did so "at such a high degree of generality that the district court ha[d] no opportunity to correct its purported

error and the court of appeals ha[d] been deprived of a more detailed record to review." *Id*. *Simmons* emphasized that allowing counsel to omit any explanation of her objections would render the *Bostic* question "a meaningless formality whereby certain magic words are uttered and any new claim may be raised on appeal without consequence." *Id*. at 357; *see also United States v. Martin*, No. 08-6426, 2010 U.S. App. LEXIS 7058, at *3–4 (6th Cir. April 6, 2010) (applying a plain error standard of review where the defendant lodged no objections to the district court's sentencing procedures); *United States v. Sorrell*, No. 08-1740, 2010 U.S. App. LEXIS 3520, at *4 (6th Cir. Feb. 22, 2010) (applying a plain error standard of review where the defendant failed to challenge the adequacy of the sentencing explanation before the district court); *United States v. Dumas*, No. 07-1689, 2010 U.S. App. LEXIS 713, at *10–11 (6th Cir. Jan. 12, 2010) (finding the defendant's objection so vague as to warrant plain error review).

In this case, the district court gave counsel the opportunity to lodge objections twice—once after it ruled that Harmon's sentence should be served consecutively and announced the sentence, and again after explaining its choice of a 46-month sentence. Taking advantage of her first opportunity to object, defense counsel said, "Only as to the concurrency, Your Honor." Counsel did not mention U.S.S.G. § 5G1.3, much less the district court's purported failure to apply that Guideline or to consider the factors listed in 18 U.S.C. § 3553(a) with specific reference to the issue of concurrent or consecutive sentencing. Counsel gave the district court no opportunity to supplement the record with a more detailed explanation of its reasons for imposing a consecutive sentence. Indeed, the apparent meaning of counsel's reference to concurrency was that counsel was reiterating her substantive objection, not making a procedural objection. Counsel also failed to object at all at the end of the hearing when addressed by the court. Because counsel's response to the *Bostic* question was too vague to give the district court an opportunity to correct its purported procedural errors, we conclude that a plain-error standard of review applies to Harmon's procedural reasonableness arguments. *Simmons*, 587 F.3d at 358. Under this standard, a defendant must demonstrate that the district court's error was obvious or clear, affected his substantial rights, and affected the

fairness, integrity, or public reputation of the judicial proceedings.  *See United States v. Houston*, 529 F.3d 743, 750 (6th Cir. 2008).

However, *Simmons* explicitly held that the normal reasonableness standard applies to a party's substantive arguments where counsel clearly made these arguments to the sentencing court.  *Simmons*, 587 F.3d at 355.  A procedurally reasonable sentence is reviewed for substantive reasonableness under the abuse-of-discretion standard.  *Gall*, 552 U.S. at 51.  Here, counsel focused the entirety of her argument on factors warranting a concurrent sentence and was not required to repeat her previously made objections.  *Simmons*, 587 F.3d at 355.

III.

A sentence is procedurally inadequate if the district court fails to calculate properly the Guidelines range, treats the Guidelines as mandatory, fails to consider the section 3553(a) factors, selects the sentence based upon clearly erroneous facts, or fails to adequately explain the chosen sentence.  *See Gall*, 552 U.S. at 51; *Houston*, 529 F.3d at 753.  A district court must state its reasons for imposing a particular sentence.  *See United States v. Grams*, 566 F.3d 683, 686 (6th Cir. 2009) (*per curiam*).  Even so the district court need not "give the reasons for rejecting any and all arguments by the parties for alternative sentences."  *United States v. Vonner*, 516 F.3d 382, 387 (6th Cir. 2008) (*en banc*).

Pursuant to 18 U.S.C. § 3584, "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively . . . ."  18 U.S.C. § 3584(a).  District courts "shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a)."  18 U.S.C. § 3584(b).  District courts must consider the advisory recommendations of the Guidelines and any pertinent policy statements issued by the Sentencing Commission.  18 U.S.C. § 3553(a)(4) and (5).  The Guidelines state that the sentencing judge should run the sentence "concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense."  U.S.S.G. § 5G1.3(c) (2007).  The

application notes to this subsection provide that the following factors should be considered "to achieve a reasonable incremental punishment for the instant offense and avoid unwarranted disparity":

(i)      the factors set forth in 18 U.S.C. § 3584 (referencing 18 U.S.C. § 3553(a));

(ii)     the type (*e.g.*, determinate, indeterminate/parolable) and length of the prior undischarged sentence;

(iii)    the time served on the undischarged sentence and the time likely to be served before release;

(iv)    the fact that the prior undischarged sentence may have been imposed in state court rather than federal court, or at a different time before the same or different federal court; and

(v)     any other circumstance relevant to the determination of an appropriate sentence for the instant offense.

U.S.S.G. § 5G1.3 cmt. n.3(A) (2007).

Moreover, where, as in the present case, the undischarged term of imprisonment resulted from the revocation of the defendant's federal or state probation, parole, or supervised release at the time of the instant offense, "the Commission recommends that the sentence for the instant offense be imposed consecutively to the sentence imposed for the revocation."  U.S.S.G. § 5G1.3 cmt. n.3(C) (2007).

Generally, "[a] district court's decision to impose a consecutive or concurrent sentence under § 5G1.3 of the Sentencing Guidelines is reviewed for abuse of discretion."  *United States v. Campbell*, 309 F.3d 928, 930 (6th Cir. 2002).  A district court must make "generally clear the rationale under which it has imposed the consecutive sentence and seek[] to ensure an appropriate incremental penalty for the instant offense."  *United States v. Johnson*, 553 F.3d 990, 998 (6th Cir. 2009) (internal quotation marks omitted).  Although "the record on appeal should show that the district court turned its attention to" U.S.S.G. § 5G1.3, *id.* at 998 (citation omitted), it need not "explicitly reference the § 5G1.3 considerations" if the record shows that it considered this Guideline, *United States v. Berry*, 565 F.3d 332, 343 (6th Cir. 2009).  This court has upheld the imposition of a consecutive sentence where the "totality of the record ma[de] clear that the district court properly turned its attention to § 5G1.3(c) and the relevant

commentary before imposing a consecutive sentence." *United States v. Covert*, 117 F.3d 940, 946 (6th Cir. 1997). It has also upheld a consecutive sentence where the district court made a "brief reference to the statutory and Guidelines factors" although the explanation was "somewhat cursory." *United States v. Watford*, 468 F.3d 891, 915–17 (6th Cir. 2006).

In this case, the district court (and counsel) did not mention U.S.S.G. § 5G1.3(c) by name, but the totality of the record shows that the court considered each of the factors contained in application note 3(A) and thus committed no error, much less one that was obvious and clear. The district court was aware of the length and parolability of Harmon's undischarged state sentence. U.S.S.G. § 5G1.3(c) cmt. n.3(A)(ii) and (iv) (2007). It expressed concern that it could not determine how long Harmon would actually serve his state sentence. U.S.S.G. § 5G1.3(c) cmt. n.3(A)(iii) (2007). These considerations led it to deny Harmon's request for a concurrent federal sentence.

Harmon argues that the district court failed to apply 18 U.S.C. § 3553(a) to the issue of concurrent or consecutive sentencing as required by application note 3(A)(i), but, again, the record belies this contention. The district court stated clearly that its sentence "shall be made pursuant to the factors set forth in [18 U.S.C. § 3553(a)]," and found that "a sentence of 46 months is sufficient, but not greater than necessary, to comply with the purposes of § 3553(a)." The district court's determination of the length of Harmon's sentence and its decision to impose the sentence consecutively to the undischarged state sentence were intertwined. The court selected a 46-month sentence on the basis of Harmon's criminal history and unlawful use of a firearm despite being convicted of voluntary manslaughter in state court, the need to provide adequate deterrence, the need to protect the public, and the likelihood that a term of imprisonment would provide Harmon with drug abuse and medical treatment. The record discloses that the district court's explanation for Harmon's 46-month sentence depended, in part, upon its prior denial of his request for a concurrent sentence because it could not determine how long he would serve in state prison. The district court was not required

to say more and it committed no error, much less one so obvious or clear to warrant reversal for plain error.

IV.

"[T]he district court's task is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of the statutory sentencing scheme." *United States v. Presley*, 547 F.3d 625, 630–31 (6th Cir. 2008) (internal quotation omitted). "A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008). A within-Guidelines sentence is entitled to a rebuttable presumption of reasonableness. *United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008).

Harmon argues that because the district court did not recognize that the federal felon-in-possession charge and the underlying state conviction for involuntary manslaughter were "intrinsically entwined," it failed to fashion an incremental, overlapping sentence that served the purposes of 18 U.S.C. § 3553(a). However, Harmon has failed to rebut the presumption of reasonableness given to his sentence at the bottom of the applicable Guidelines range. The district court considered each of the factors set forth in section 3553(a) in fashioning its sentence. Also, Harmon was unable to show the district court how long he was actually likely to serve on his undischarged state sentence and the court properly exercised its discretion in imposing a 46-month consecutive sentence that was sufficient, but not greater than necessary, to address the seriousness of Harmon's federal crime, his criminal history, and balance of the section 3553(a) factors. Finally, the federal felon-in-possession charge punished offense conduct unrelated to the voluntary manslaughter conviction insofar as the incidents were separated in time and involved different victims. The district court did not act arbitrarily nor did it give undue weight to any particular factor in determining that a 46-month consecutive sentence was adequate to address Harmon's continued use of firearms and prior criminal history.

V.

For the foregoing reasons, we affirm the district court's decision to order that Harmon serve his federal sentence consecutively to his state sentence.