NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0429n.06

No. 10-1273

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Jun 28, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| WHITNEY ATKINSON, | ) | |
| | ) | O P I N I O N |
| Defendant-Appellant. | ) | |

BEFORE:    McKEAGUE and WHITE, Circuit Judges; ZOUHARY, District Judge.[*]

**PER CURIAM.**   This is the second time around for Defendant-Appellant Whitney Atkinson's appeal of his sentence on federal firearm charges.  In August 2007, Atkinson, who pled guilty to two firearm charges, was sentenced to a total of 240 months based on a Sentencing Guidelines range of 262–327 months.  Atkinson's Guidelines range calculation was driven by a career-offender designation stemming from Atkinson's two prior state convictions that occurred close in time but were not directly related.  The state court sentenced Atkinson for both crimes during a single sentencing proceeding.

At the time of his 2007 federal sentencing, Amendment 709 to the Guidelines was pending.  Amendment 709 altered the career-offender determination by providing that convictions sentenced on the same day would not be treated as separate crimes when considering the career offender

_____

[*] The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

designation.  USSG § 4A1.2(a)(2), (3); USSG App. C, amend. 709 (2007).  Amendment 709 went into effect in November 2007, slightly more than two months after Atkinson was sentenced in federal court.  The Amendment was not designated as retroactive.  *See United States v. Horn*, 612 F.3d 524, 524 (6th Cir. 2010).

Atkinson appealed the federal sentence in September 2007, arguing the district court erred in failing to consider the effect of the then-proposed Amendment 709 when it imposed the 240-month sentence.  In December 2009, this Court remanded the case for resentencing with instructions for the district court to consider that Amendment 709 became effective shortly after sentencing. *United States v. Atkinson*, 354 F. App'x 250, 253–54 (6th Cir. 2009).

On remand, the district court invited the parties to submit memoranda in advance of the resentencing.  At the resentencing, the court considered the arguments raised in the memoranda, discussed the reasons for not applying Amendment 709, and subsequently imposed the same 240-month sentence.  Atkinson now claims the district court refused to consider the effect of Amendment 709, as this Court instructed.

Our review of the district court's sentencing decision "is limited to determining whether the sentence is reasonable under an abuse-of-discretion standard." *United States v. Perez-Vasquez*, 570 F.3d 692, 695 (6th Cir. 2009) (citing *Gall v. United States*, 552 U.S. 38, 46 (2007)).  "The reasonableness review is split into two parts: procedural reasonableness and substantive reasonableness." *United States v. Benson*, 591 F.3d 491, 500 (6th Cir. 2010) (citing *United States v. Collington*, 461 F.3d 805, 808 (6th Cir. 2006)).

The resentencing was procedurally reasonable.  "A sentence is procedurally inadequate if the district court fails to calculate properly the Guidelines range, treats the Guidelines as mandatory, fails

to consider the 18 U.S.C. § 3553(a) factors, selects the sentence based upon clearly erroneous facts, or fails to adequately explain the chosen sentence." *United States v. Harmon*, 607 F.3d 233, 238 (6th Cir. 2010). A party must make specific objections to purported procedural errors; if the procedural objections are too vague, a plain error standard applies to procedural reasonableness arguments. *See Harmon*, 607 F.3d at 237–38.

Atkinson fails to identify any specific procedural errors in his resentencing, and he acknowledges the district court did not miscalculate the Guidelines range under the law as it existed when he was sentenced. As evidenced by the resentencing colloquy, the district court did not treat the Guidelines as mandatory. Nor did the court refuse to consider the policy behind the non-retroactive Amendment 709. Further, the district court considered the Section 3553(a) factors. Finally, the district court did not base the sentence upon clearly erroneous facts or fail to adequately explain the sentence. While Atkinson may not like the district court's explanation as to why the same 240-month sentence was imposed, there was no procedural error in the resentencing.

Likewise, the resentencing was substantively reasonable. Atkinson characterizes the district court's statements during the resentencing colloquy as a "refusal to exercise discretion," which resulted "in an unreasonable sentence," but the transcript of the resentencing shows otherwise.

The district court considered the reasoning and rationale behind Amendment 709 and contrasted it with the specific facts of Atkinson's prior convictions. The court determined that giving Atkinson the benefit of the then-proposed Amendment would simply be a matter of "exalting form over substance." In support of its decision, the court posed hypotheticals to counsel, provided a short summary of the facts of Atkinson's two prior convictions, and summarized the scenario that led to Atkinson's state court sentencing. Specifically, the court noted Atkinson committed two

armed robberies a month apart, was fortunate not to have been arrested in the intervening month, and then was sentenced in a single hearing for both crimes as a matter of convenience and efficiency.

The district court concluded by stating: "But common sense tells me that even before November 1, two separate charges, two separate victims, two separate times, sentencing by convenience of the circuit court at the same time, but two different dockets means they can well be treated differently, and for good reason." Even if this Court "might reasonably have concluded that a different sentence was appropriate," *Gall*, 552 U.S. at 51, the district court expressed its reasons for considering, but rejecting the application of Amendment 709, and such consideration is sufficient to withstand reversal.

**AFFIRMED**.