NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0542n.06

No. 12-1969

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | ***Jun 03, 2013*** |
| Plaintiff-Appellee | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| ANTHONY BROWN, | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| Defendant-Appellant. | ) | MICHIGAN |
| | ) | |
| | ) | |

Before: KEITH, CLAY, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge.   In 2012, Anthony Brown pled guilty to one count of conspiracy and one count of aggravated identity theft for submitting fraudulent financial-aid applications.  At the time, Brown was serving a state sentence for his leadership of a counterfeit-check scheme.  The district court sentenced Brown to 12 months for the conspiracy, half of which was to run consecutive to his state sentence, and 24 months for the aggravated identity theft, all of which was to run consecutive to his state sentence.  This appeal followed.

Brown argues that the district court procedurally erred by not explaining adequately its reasons for imposing a partially consecutive sentence for the conspiracy conviction.  Ordinarily, we review a district court's sentencing decision for an abuse of discretion.  *Gall v. United States*, 552

U.S. 38, 51 (2007). But we review only for plain error any argument not raised below. *See, e.g.*, *United States v. Harmon*, 607 F.3d 233, 236–37 (6th Cir. 2010).

Here, prior to the sentencing hearing, Brown submitted a memorandum in which he argued that his sentence for the conspiracy count should be fully concurrent to his state sentence. After the court announced its tentative sentence, including the partially consecutive conspiracy sentence, it asked Brown whether he had any objections. Brown's only response was that, for the reasons stated in the memorandum, he objected to the partially consecutive sentence. He did not ask the court for any additional explanation. Nor did he ask the court to discuss further the relevant statutory or Guidelines factors. The court gave Brown two more opportunities to raise concerns about his sentence, but on each occasion Brown said nothing. Given that Brown never objected to the district court's explanation of his sentence, we review the explanation only for plain error. *See Harmon*, 607 F.3d at 237–38.

When a district court sentences a defendant who is subject to an undischarged term of imprisonment, the court generally has discretion to decide whether the new sentence should run consecutively or concurrently with the previous one. *United States v. Johnson*, 640 F.3d 195, 208 (6th Cir. 2011) (citing 18 U.S.C. § 3584(a)); U.S.S.G. § 5G1.3(c) (policy statement). In making that decision, however, the court must consider the sentencing factors in 18 U.S.C. § 3553(a). 18 U.S.C. § 3584(a). The court should also consider the following Guidelines factors in order "to achieve a reasonable incremental punishment for the instant offense and avoid unwarranted disparity":

> (ii) the type (*e.g.*, determinate, indeterminate/parolable) and length of the prior undischarged sentence; (iii) the time served on the undischarged sentence and the likely time to be served before release; (iv) the fact that the prior undischarged

sentence may have been imposed in state court rather than federal court, or at a different time before the same or different federal court; and (v) any other circumstances relevant to the determination of an appropriate sentence for the instant offense.

U.S.S.G. § 5G1.3 cmt. n. 3(A). After considering these factors, the court must indicate on the record the rationale for its decision. *United States v. Cochrane*, 702 F.3d 334, 346 (6th Cir. 2012). But the court need not engage in a "ritualistic incantation" of the § 3553(a) or Guidelines factors. *See United States v. Watford*, 468 F.3d 891, 916 (6th Cir. 2006). Instead, the record need only show that the court turned its attention to those factors. *Harmon*, 607 F.3d at 239.

Here, the record shows that the district court considered the relevant statutory and Guidelines factors. The court discussed Brown's extensive criminal history as well as the fact that Brown likely intended to steal more than the $4,000 he actually received. *See* 18 U.S.C. § 3553(a)(1). It noted that Brown committed the current offense while on federal supervised release, which showed "that it was difficult to keep control of him." *See* 18 U.S.C. § 3553(a)(1), (a)(2)(c). The court knew that Brown's undischarged sentence was imposed by a state court, that it was indeterminate, and that he would be eligible for parole in 3 years. *See* U.S.S.G. § 5G1.3(c) cmt. n. 3(A)(ii)–(iv). The court also considered the need for the sentence to reflect the seriousness of Brown's federal crimes, as distinct from his state crime. R. 94 at PageID# 434 ("And I just think we have an interest here . . . a governmental interest—to let him know that we're serious about our business."); 18 U.S.C. § 3553(a)(2)(A); U.S.S.G. § 5G1.3(c)(v). Finally, the court explained that there were two factors driving its sentencing decision: the federal interest at stake—ensuring that commission of a federal

crime results in a distinct federal punishment—and that Brown committed the federal offense while on federal supervised release.

The court's explanation made "generally clear the rationale under which it imposed the consecutive sentence." *United States v. Owens*, 159 F.3d 221, 230 (6th Cir. 1998). That is all the court was required to do. Although it would have been preferable for the court to mention by name the § 3553(a) factors and § 5G1.3(c) of the Guidelines, it did not plainly err by failing to do so. *See United States v. Hall*, 632 F.3d 331, 335 (6th Cir. 2011); *Harmon*, 607 F.3d at 239; *United States v. Berry*, 565 F.3d 332, 342 (6th Cir. 2009).

Brown next challenges the substantive reasonableness of his sentence. According to Brown, if he had been charged and convicted in federal court for both the counterfeit-check scheme and the financial-aid conspiracy, the Guidelines range for his sentence would have been 51–57 months. But with the partially consecutive federal sentence, Brown will have to serve a minimum of 78 months—which is "at least 21 months longer than he would have had to serve if all charges had been brought in federal court." Brown Br. at 12. Brown contends that the district court should have avoided this disparity by making his conspiracy sentence concurrent. Brown raised this argument in the district court, so we review the court's rejection of it for an abuse of discretion. *See Gall*, 552 U.S. at 51.

The court did not abuse its discretion. Brown cites no authority to support his argument—probably because there is none. That a federal defendant *might* have received a shorter sentence had all his criminal conduct been charged in federal court has little to do with whether the defendant's federal sentence should be consecutive or concurrent to his undischarged state sentence.

No. 12-1969
*United States v. Anthony Brown*

*Cf.* 18 U.S.C. § 3553(a); U.S.S.G. § 5G1.3(c). Here, the district court considered the applicable statutory and Guidelines factors, and decided that Brown's conspiracy sentence should be partially consecutive to his state-court sentence. The court's decision rested in large part on Brown's violation of his federal supervised release as well as the federal interest in having Brown serve at least part of his federal sentence consecutively. Those rationales are more than sufficient to support the conspiracy sentence. *See Watford*, 468 F.3d at 917. Brown's argument to the contrary is without merit.

The district court's judgment is affirmed.