NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0909n.06

No. 14-5012

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Dec 08, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE MIDDLE DISTRICT OF |
| EDWARD SHANNON POLEN, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: BATCHELDER and KETHLEDGE, Circuit Judges; COLLIER, District Judge.[*]

PER CURIAM. Edward Shannon Polen appeals his 71-month sentence, challenging the

district court's denial of his requests under USSG § 5G1.3 for a concurrent sentence and for a

downward departure. As set forth below, we affirm.

Pursuant to a plea agreement, Polen pleaded guilty to one count of bank fraud in violation

of 18 U.S.C. § 1344, two counts of mail fraud in violation of 18 U.S.C. § 1341, two counts of

wire fraud in violation of 18 U.S.C. § 1343, and one count of money laundering in violation of

18 U.S.C. § 1957. Polen admitted that he engaged in three investment Ponzi schemes in which

he solicited and received approximately $16 million from more than ten investor-victims and that

he never intended to invest those funds, instead converting the funds to his own personal use and

to repay other investor-victims. At sentencing, the district court calculated the advisory

---

[*] The Honorable Curtis L. Collier, United States District Judge for the Eastern District of
Tennessee, sitting by designation.

guidelines range as 87 to 108 months of imprisonment but granted the government's motion pursuant to USSG § 5K1.1 for a 20% downward departure based on Polen's substantial assistance, resulting in a range of 71 to 88 months of imprisonment. The district court sentenced Polen to 71 months of imprisonment to be served consecutively to his undischarged state sentence, denying his requests for a concurrent sentence and for a downward departure or variance for his pretrial incarceration. The district court also ordered Polen to pay $10,794,728.21 in restitution.

On appeal, Polen challenges the district court's denial of his request for a concurrent sentence. The district court instead ordered that Polen's federal sentence be served consecutively to his undischarged 12-year state sentence for theft and securities fraud involving another investor-victim. We review the district court's decision to impose a concurrent or consecutive sentence under USSG § 5G1.3 for abuse of discretion. *United States v. Harmon*, 607 F.3d 233, 239 (6th Cir. 2010). "A court does not abuse its discretion when it makes generally clear the rationale under which it has imposed the consecutive sentence and seeks to ensure an appropriate incremental penalty for the instant offense." *United States v. Berry*, 565 F.3d 332, 342 (6th Cir. 2009) (internal quotation marks omitted). "However, this is 'not unfettered discretion,' and 'the record on appeal should show that the district court turned its attention to § 5G1.3(c) and the relevant commentary in its determination of whether to impose a concurrent or consecutive sentence.'" *United States v. Johnson*, 553 F.3d 990, 998 (6th Cir. 2009) (quoting *United States v. Covert*, 117 F.3d 940, 945 (6th Cir. 1997)).

In addressing the concurrent or consecutive sentencing issue, the district court stated that "the applicable guideline is 5G1.3." (R. 76, Sentencing Tr. 29, Page ID # 277). The district court went on to consider the factors under USSG § 5G1.3's commentary, including the

sentencing factors under 18 U.S.C. § 3553(a) (noting that "whether the sentence should be concurrent or consecutive or partially thereof is a factor" implicating just punishment), the type and length of Polen's undischarged state sentence (a 12-year, parole-eligible sentence), the time served on the undischarged state sentence ("[H]is entire incarceration has not been state incarceration. It's been federal incarceration for roughly at least half, if not more."), and the time likely to be served before release ("And my experience is that virtually nobody serves an entire state sentence."). (R. 76, Sentencing Tr. 33, 39, Page ID # 281, 287). *See* USSG § 5G1.3, comment. (n.3(A)). The district court concluded that a consecutive sentence was warranted because the conduct involved in Polen's state case was not considered under the guidelines in this federal case:

> The Court finds it pivotal that the conduct in the state case was not considered in the guideline computations in this case, meaning the $361,000 loss in the state case was not calculated into the amount of loss in determining the advisory guideline in this case.
>
> And as a result the Court concludes under guideline 5G1.3 that this case and the state case for purposes of sentencing should be considered separate criminal conduct, and I'm not going to order a concurrent sentence. It will be a consecutive sentence.

(R. 76, Sentencing Tr. 41, Page ID # 289).[1] This ruling does not reflect, as Polen argues, that the district court believed that USSG § 5G1.3 required a consecutive sentence. The district court recognized its discretion to impose a concurrent or consecutive sentence, and we can discern no abuse in the district court's exercise of that discretion.

Polen also challenges the district court's denial of his request under USSG § 5G1.3 for a downward departure for his time spent in state custody. "[W]e do not review a district court's

---

[1] Polen repeatedly finishes this quote with the following sentence: "If this loss were to be counted in the loss amount or in the number of victims, then a reduction in the total sentence for the amount of time served would be appropriate." (Appellant's Br. 17, 21). This sentence cannot be found in the sentencing transcript.

decision not to depart downward unless the record shows that the district court was unaware of, or did not understand, its discretion to make such a departure." *United States v. Santillana*, 540 F.3d 428, 431 (6th Cir. 2008). Contrary to Polen's assertion, the district court did address his request for a downward departure:

> The Court's view is this case is not outside the heartlands of the guidelines, so I'm denying the motion for downward departure. This is in many ways a typical bank fraud, wire fraud, mail fraud, money laundering Ponzi scheme, and certainly within the heart of the guidelines. So the downward departure motion is denied on that basis.

(R. 76, Sentencing Tr. 42, Page ID # 290). The record reflects that the district court was aware of its discretion to grant a downward departure but chose not to exercise it. Accordingly, the district court's decision not to depart is not reviewable.

For the foregoing reasons, we affirm Polen's sentence.