**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Demario Centel MAXIE, Defendant–Appellant.**

No. 15–5404.

United States Court of Appeals,
Sixth Circuit.

May 4, 2016.

BEFORE: DAUGHTREY, CLAY, and STRANCH, Circuit Judges.

MARTHA CRAIG DAUGHTREY, Circuit Judge.

Defendant Demario Centel Maxie was convicted on two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). According to the presentence report, Maxie's offense level and criminal history category resulted in a Sentencing Guidelines range of 235 to 293 months. At his sentencing hearing, the district court found that Maxie was also subject to a 180–month mandatory minimum sentence because he qualified as an armed career criminal under 18 U.S.C. § 924(e). Despite the lengthier Guidelines range, the district court sentenced Maxie to the mandatory minimum of 180 months on each count, those counts to run concurrently. However, the court also ordered the federal sentence to run consecutively

to a ten-year undischarged state sentence that Maxie had begun serving for a different (and unrelated) crime. As the reasons for the sentence, the district court explicitly considered Maxie's age, prior criminal convictions, and the specifics of his state sentence, as well as the need to avoid a disparity between Maxie and Maxie's codefendant, Charles Motley, Jr., who already had been sentenced to 151 months.

On appeal, the defendant challenges the district court's imposition of a consecutive sentence, arguing that the court must have thought that consecutive sentencing was mandatory, because the court did not adequately explain its rationale for ordering a consecutive rather than a concurrent sentence. We find no error and affirm the sentencing order and the judgment.

Maxie was convicted of being a felon in possession of a firearm after making two sales of a total of seven firearms to a confidential informant working with the Bureau of Alcohol, Tobacco, Firearms and Explosives. In view of Maxie's ten-year sentence in Kentucky state prison for a drug-trafficking conviction, the presentence report noted that, "[p]ursuant to Section 5G1.3(d), in any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." Moreover, during Maxie's sentencing hearing, the government also brought attention to Maxie's state sentence, reminding the district court of its discretion to impose either a concurrent or consecutive sentence for the federal conviction.

At sentencing, the government asked the district court to impose a sentence within the applicable Guidelines range of 235 to 293 months. Because Maxie had at least three prior drug or violent felony convictions, the district court noted that he qualified as an armed-career criminal under 18 U.S.C. § 924(e), which carries a mandatory-minimum sentence of 180 months. The court then observed that it had considered the advisory sentencing guidelines and the factors set out in 18 U.S.C. § 3553(a) and said:

It is the judgment of the Court that defendant is committed to the custody of Bureau of Prisons for a term of 180 months as to each of Counts 7 and 8 in the indictment, which shall be served concurrently, for a total term of 180 months' imprisonment. The term of imprisonment imposed herein shall run consecutively to the sentence of imprisonment defendant is presently serving [that was imposed by Kentucky state court] . . . .

Having considered 18, United States Code, 3553(a) and the advisory guidelines, which produce an offense level of 33 and a criminal history category of VI, the advisory guideline ranges are 235 months' to 293 months' custody, a fine of $17,500 to $1 million, and 2 to 5 years of supervised release.

A sentence of 180 months' custody to run consecutively to [the Kentucky state court sentence] followed by 5 years' supervised release the Court finds is the appropriate and reasonable sentence in this matter considering all the factors and the consecutiveness and the relative conduct of the parties and is sufficient, but not greater than necessary, to comply with the purposes set forth in Section 3553(a)(2), satisfies any statutory provisions.

In adopting the presentence report, the district court gave as reasons for the sentence "the defendant's age, the conduct of all of the parties in this case regarding the offenses of conviction, and the length of

the total imprisonment that would result in running the defendant's federal sentence consecutively with the term of undischarged imprisonment ,with the state of Kentucky." The district court specifically elaborated on the various § 3553(a) factors in deciding to impose a below-guideline sentence.

Finally, the district court asked if there were "[a]ny objections to the sentence pronounced or special conditions imposed" that had not been previously raised. The government objected "only to the extent that [the sentence] falls below the guideline." Maxie did not raise any objections. He nevertheless challenges the district court's imposition of consecutive sentences, arguing for the first time on appeal that the district court should have ordered his federal sentences to run concurrently with the undischarged portion of his state sentence.

Generally, sentencing determinations are subject to an abuse-of-discretion standard of review. *Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); *United States v. Harmon,* 607 F.3d 233, 239 (6th Cir.2010). Here, however, the defendant did not raise his objection before the district court, and he concedes that our review is for plain error only. *See Harmon,* 607 F.3d at 237–38; *see also United States v. Vonner,* 516 F.3d 382, 385 (6th Cir.2008) (*en banc*). Under a plain-error standard of review, "a defendant must demonstrate that the district court's error was obvious or clear, affected his substantial rights, and affected the fairness, integrity, or public reputation of the judicial proceedings." *Harmon,* 607 F.3d at 238; *see also Vonner,* 516 F.3d at 386.

When a defendant is subject to an undischarged sentence, the district court has the discretion to impose a sentence for the current offense that runs concurrently with or consecutively to the prior undis-charged sentence. 18 U.S.C. § 3584(a). The district court's exercise of this authority, however, "is predicated on the district court's consideration of the factors listed in 18 U.S.C. § 3553(a), including any applicable Guidelines or policy statements issued by the Sentencing Commission." *United States v. Johnson,* 640 F.3d 195, 208 (6th Cir.2011) (citing 18 U.S.C. § 3584(b)). One such applicable policy is Section 5G1.3(d) of the Sentencing Guidelines, which provides that "the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S. SENTENCING GUIDELINES MANUAL § 5G1.3(d) (U.S. SENTENCING COMM'N 2014). The commentary accompanying § 5G1.3(d) n.4(A) provides:

> In order to achieve a reasonable incremental punishment for the instant offense and avoid unwarranted disparity, the court should consider the following: (i) the factors set forth in 18 U.S.C. § 3584 (referencing 18 U.S.C. § 3553(a)); (ii) the type (e.g., determinate, indeterminate/parolable) and length of the prior undischarged sentence; (iii) the time served on the undischarged sentence and the time likely to be served before release; (iv) the fact that the prior undischarged sentence may have been imposed in state court rather than federal court, or at a different time before the same or different federal court; and (v) any other circumstance relevant to the determination of an appropriate sentence for the instant offense.

The district court's discretion to award a concurrent, partially concurrent, or consecutive sentence is "not unfettered" and, accordingly, "[t]he record on appeal should show that the district court turned its at-

tention to § 5G1.3 and the relevant commentary in its determination of whether to impose a concurrent or consecutive sentence." *United States v. Hall*, 632 F.3d 331, 335 (6th Cir.2011) (internal citation and quotation marks omitted). Although the district court need not state explicitly its basis for a consecutive sentence, the district court must "make generally clear the rationale under which it imposed the consecutive sentence." *United States v. Cochrane*, 702 F.3d 334, 346 (6th Cir.2012) (internal citations and quotation marks omitted). The district court may, for example, "incorporate by reference a discussion of the relevant considerations in another document such as the Presentence Report" or "make clear that its reasons for choosing a substantive sentence and for running two sentences consecutively are the same." *Id.* "When deciding to impose consecutive sentences ... a district court must indicate on the record its rationale, either expressly or by reference to a discussion of relevant considerations contained elsewhere." *Id.* Requiring the district court to indicate its rationale on the record allows us later to conduct "meaningful appellate review." *Id.*

In this appeal, Maxie argues that the district court failed to provide an adequate explanation for its decision to impose a consecutive sentence because the district court failed to "tether[] its consecutive-sentence decision to its application of the 3553(a) factors" and, further, that "the district court's motivation for ordering a consecutive sentence is not apparent from the record." Maxie insists that the option of imposing a concurrent sentence "apparently never entered the district judge's mind" and postulates that if the district court had been aware of that option, it would have imposed a concurrent sentence. Maxie's arguments, however, are not persuasive, particularly under a plain-error standard of review.

The record reflects that the district court considered the § 3553(a) factors in exercising its discretion to impose a consecutive sentence. For example, the district court explained that it was imposing a 180–month sentence that "would run consecutive to" Maxie's state sentence because of Maxie's age and prior criminal history, in order to avoid a sentencing disparity between Maxie and Motley, and because the district court believed that a 180–month sentence would "make its point" to Maxie. In the same discussion, the district court indicated that it was "considering the underlying state conviction that [Maxie's 180–month sentence] would run consecutive to." Indeed, the district court expressly incorporated § 3553(a) into its rationale for the sentence, stating that it was "the appropriate and reasonable sentence in this matter considering all the factors and the consecutiveness and the relative conduct of the parties and also that it was "sufficient, but not greater than necessary, to comply with the purposes set forth in Section 3553(a)(2)...." Thus, the record indicates clearly that the district court considered the § 3553(a) factors in imposing a consecutive sentence, as required by 18 U.S.C. § 3584(b). As we found in *Johnson*, "[t]he district court's determination of the length of Johnson's sentence and his decision to impose the sentence consecutively to the undischarged state sentence were intertwined." 640 F.3d at 208; *see also Harmon*, 607 F.3d at 239. Although the defendant seems to imply otherwise, "[t]here is no requirement that the district court state a 'specific reason' for a consecutive sentence...." *Johnson*, 640 F.3d at 208–09.

The district court did not elaborate on the § 5G1.3 factors explicitly but, again, it is not required to do so under our precedent. *Hall*, 632 F.3d at 336; *see also*

*United States v. Berry,* 565 F.3d 332, 343 (6th Cir.2009). Pursuant to the commentary for § 5G1.3, a district court "should consider the type and length of the prior undischarged sentence, the time likely to be served on the undischarged sentence before release, and whether the undischarged sentence originated in state rather than federal court." *Hall,* 632 F.3d at 336. The totality of the record demonstrates that the district court "turned its attention to § 5G1.3[d] and the relevant commentary in its determination of whether to impose a concurrent or consecutive sentence." *Id.* at 335 (internal citations omitted).

Maxie relies on several cases as support for his position that the district court's rationale for a consecutive sentence was inadequate, but they are distinguishable from his case. In *Cochrane,* for example, we concluded that the district court abused its discretion in imposing a consecutive sentence without adequate explanation. 702 F.3d at 347. But there we applied an abuse-of-discretion standard of review; here, a plain-error standard of review applies. Moreover, in *Cochrane,* we found that "the district court provided *no rationale whatsoever* for its decision to impose a consecutive sentence." *Id.* (emphasis added). Here, by contrast, the district court considered the § 3553(a) factors and Maxie's "underlying state conviction" in deciding to impose a consecutive sentence. The totality of the record thus demonstrates that the district court in Maxie's case, unlike the district court in *Cochrane,* did "make generally clear" its rationale for imposing a consecutive sentence.

Lastly, Maxie's contention that the option of imposing a concurrent sentence "apparently never entered the district court's mind" simply has no basis in the record, which-as previously noted—reveals that the district court was fully aware of its discretion to impose a concurrent sentence, both from the presentence report and from the government's acknowledgment of the district court's discretion during the sentencing hearing. Moreover, Maxie's argument that the district court would have imposed a concurrent sentence "had it been thinking about the subject" is based on nothing more than mere speculation.

For the reasons set out above, we AFFIRM the district court's judgment.