NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0196n.06

No. 18-3341

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Apr 17, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| JOHN SHAW MOBASSERI, | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | |

Before: CLAY, GILMAN, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. John Mobasseri argues that the district court plainly erred when it failed to give any explanation for its restitution order. We agree and vacate the order.

In December 2017, Mobasseri pled guilty to one count of receipt and distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and to one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Before the sentencing hearing, four victims submitted requests for restitution under 18 U.S.C. § 2259. According to the initial presentence report, the victims asked for at least $33,000 in total restitution. Mobasseri objected to this amount, arguing that the victims had not established his role in causing their losses. In the final presentence report, however, the probation officer dismissed Mobasseri's objection.

Soon thereafter, the district court held a sentencing hearing. At the outset of the hearing, the court asked Mobasseri whether he had any unresolved objections. Mobasseri raised various objections to the presentence report, but did not object to the restitution amount. Later in the

hearing, the government requested $30,000 in total restitution. The district court noted the request for restitution and said that it would "deal with [restitution] at the time of sentencing." At sentencing, the district court ordered $30,000 in restitution—without further explanation. After the court announced its sentence, it asked Mobasseri whether he had any other objections. Mobasseri again objected that the victims had not established his "relative role" in causing their losses. The district court acknowledged that objection, but did not further explain its reasons for ordering restitution. This appeal followed.

Mobasseri argues that the district court erred because it failed to explain its restitution order. But Mobasseri did not specifically object during the sentencing hearing to the adequacy of the explanation, so we review for plain error. *See United States v. Harmon*, 607 F.3d 233, 237-38 (6th Cir. 2010). To establish plain error, Mobasseri must show an "error" that "was obvious or clear," that affected his "substantial rights," and that "affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc) (internal quotation marks omitted).

Under 18 U.S.C. § 2259, district courts must consider a number of factors before ordering restitution—including the defendant's "relative role" in causing the victim's losses. *See* 18 U.S.C. § 3664; *Paroline v. United States*, 572 U.S. 434, 458 (2014). Here, the district court ordered restitution without any explanation at all of the particular amounts it ordered. That was clear error. *See, e.g.*, *United States v. Butler*, 297 F.3d 505, 519 (6th Cir. 2002). And we are bound to conclude that the district court's error affected Mobasseri's "substantial rights," since it deprived him of his "right to meaningful appellate review." *United States v. Cabrera*, 811 F.3d 801, 813 (6th Cir. 2016). Finally, our circuit has likewise held that a district court's failure to explain its sentence

affects the "fairness, integrity, or public reputation of the judicial proceedings." *United States v. Blackie*, 548 F.3d 395, 403 (6th Cir. 2008). Hence Mobasseri has established plain error.

The district court's restitution award is vacated, and the case remanded for further proceedings consistent with this opinion.