NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0085n.06

No. 21-1427

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

TYLER MATTHEW STACY,

Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)

FILED
Feb 28, 2022
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF MICHIGAN

Before: SILER, LARSEN, and MURPHY, Circuit Judges.

LARSEN, Circuit Judge. Tyler Stacy pleaded guilty to being a felon in possession of a firearm. The district court sentenced him to 37 months in prison and ordered the sentence to run consecutive to a state-court sentence he was serving. Stacy argues that the choice to impose a consecutive sentence was unreasonable. We disagree and AFFIRM.

I.

Stacy pleaded guilty in state court to possessing drugs. When he later violated his probation, the state court sentenced him to an indeterminate sentence of 24 months to 10 years. The probation violation led to additional trouble; during Stacy's arrest for that offense, law enforcement found a firearm in his possession. A federal grand jury then indicted him on one count of being a felon in possession of a firearm. Stacy pleaded guilty. The district court sentenced him to a term of 37 months' imprisonment, to run consecutive to his state-court sentence. Stacy appealed.

II.

Stacy challenges the procedural and substantive reasonableness of his sentence. Normally, we review both claims for an abuse of discretion. *United States v. Parrish*, 915 F.3d 1043, 1047 (6th Cir. 2019). But Stacy admits that he did not bring his claim of procedural error to the district court's attention, so we review that claim for plain error. *See id.* at 1048.

*Procedural Reasonableness*. To craft a procedurally reasonable sentence, the court must "properly calculate the guidelines range, treat that range as advisory, consider the sentencing factors in 18 U.S.C. § 3553(a), refrain from considering impermissible factors, select the sentence based on facts that are not clearly erroneous, and adequately explain why it chose the sentence." *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018). Stacy argues that his sentence is procedurally unreasonable because the district court failed to adequately explain why it imposed a consecutive sentence.

A district court's decision to run a federal sentence consecutive to an undischarged term of state imprisonment is guided by U.S.S.G. § 5G1.3. Section 5G1.3(d) provides that a federal sentence "may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." Application Note 4(A) to § 5G1.3 offers the following factors for a court to consider when deciding whether to run state and federal sentences consecutively: "(1) the § 3553(a) factors; (2) the type and length of the prior undischarged sentence; (3) the time served and likely to be served on the undischarged sentence; (4) the procedural posture of the undischarged sentence (whether it was imposed in state or federal court and when it was imposed); and (5) any other relevant circumstance." *United States v. Potts*, 947 F.3d 357, 369 (6th Cir. 2020) (citing U.S.S.G. § 5G1.3 cmt. n.4(A)).

Stacy faults the district court for not addressing the § 5G1.3 factors, either explicitly or implicitly. According to Stacy, "[t]he record is devoid of any information indicating the district court considered any of the[] factors in deciding to order the federal sentence to run consecutively." Appellant Br. at 16. We disagree.

We will not reverse a district court for failing to explicitly reference the § 5G1.3 factors when imposing a consecutive sentence. *See Potts*, 947 F.3d at 369. So long as it is "generally clear" from "the totality of the record" that the court followed the guidance provided by Application Note 4(A), we will not find an abuse of discretion (let alone plain error). *Id.* (citation omitted); *see also United States v. Harmon*, 607 F.3d 233, 239 (6th Cir. 2010).

Here, the district court did not explicitly reference the § 5G1.3 factors. But the record nonetheless indicates that the court sufficiently considered them. The court engaged in a lengthy discussion of the 18 U.S.C. § 3553(a) factors (§ 5G1.3 factor 1). It determined that nearly all the factors weighed in favor of a longer sentence. Specifically, the court believed Stacy's lengthy criminal history and his repeated willingness to violate probation and parole and to skirt court orders all warranted a longer sentence. The court also inquired into the type and length of Stacy's state-court sentence (§ 5G1.3 factors 2 and 4). Counsel indicated on the record that a Michigan court had sentenced Stacy to 24 to 120 months. As for the time served and likely to be served (§ 5G1.3 factor 3), Stacy told the court that he likely would be eligible for parole the week of his federal sentencing. The district court knew that if it imposed a consecutive sentence, it would begin to run once the Michigan Department of Corrections released Stacy. Given the court's familiarity with the Michigan Department of Corrections and the indeterminate sentence imposed, the court was skeptical that Stacy would serve much additional time on his state-court sentence. The court thus thought that the sentence imposed was "not much of a sentence as a result of the

violation." So, although the district court did not expressly identify the § 5G1.3 factors, it is "generally clear" from the record that the court considered them when imposing a consecutive sentence. *See Potts*, 947 F.3d at 369 (citation omitted). That is all we ask. *Id.*; *Harmon*, 607 F.3d at 239. Stacy has not shown that the district court committed error, let alone plain error.

*Substantive Reasonableness*. Stacy's substantive reasonableness claim merely recasts his procedural reasonableness claim. He incorporates his procedural reasonableness arguments by reference and says that the district court failed to consider the relevant sentencing factors when imposing the consecutive sentence. The point of substantive reasonableness, however, "is not that the district court failed to consider a factor or considered an inappropriate factor; that's the job of procedural unreasonableness." *Rayyan*, 885 F.3d at 442. Substantive reasonableness asks whether a "sentence is too long (if a defendant appeals)." *Id.* It is "a complaint that the court placed too much weight on some of the § 3553(a) factors and too little on others in sentencing the individual." *Id.* Stacy does not make that argument. Stacy's arguments failed under the procedural reasonableness label, and they fare no better under a different name.

* * *

We AFFIRM.