**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 16a0622n.06

Case No. 15-4089

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Nov 22, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| GREGORY WILLIAMS, JR., | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: MOORE, SUTTON, and WHITE, Circuit Judges.

SUTTON, Circuit Judge. Gregory Williams challenges the district court's decisions to sentence him to a prison term above the recommended guidelines range and to make the sentence consecutive to state sentences for robbery and drug possession. Because the district court did not abuse its discretion in either respect, we affirm.

On April 12, 2013, FBI agents attempted to arrest Williams at a home where he had been staying periodically based on an arrest warrant stemming from a drug-possession charge. A resident gave the agents permission to search the home, and the agents found a firearm and ammunition wrapped in a towel in a plastic bag in the bedroom where Williams' girlfriend slept.

Williams robbed a bank the next day, and FBI agents arrested him soon after. When the agents asked Williams about the gun they had found, he explained that he was holding it for a friend whom he refused to name.

A DNA swab of the gun showed major contributions from Eric Gooch, who had committed three bank robberies in January–March 2013, and at least two other individuals. Text messages and call logs showed that, on March 13, 2013, Williams called a bank less than one hour before Gooch robbed it, and that Williams and Gooch communicated after the robbery. The messages and call logs also showed that Williams communicated often with Shawn Caldwell, who was later convicted of a different bank robbery. In one message sent two days before the March 13 bank robbery, Williams told Caldwell, "I need a strap" (slang for "gun"). R. 21-4.

Williams pleaded guilty to being a felon in possession of a firearm and ammunition. *See* 18 U.S.C. § 922(g)(1), § 924(a)(2). The presentence report assigned Williams a base offense level of 14 and a criminal history category of V. The government initially objected that Williams' offense level should be 20 because his prior conviction for failure to comply with the order of a police officer qualified as a crime of violence under the Guidelines' residual clause. *See* U.S.S.G. §§ 2K2.1(a)(4)(A), 4B1.2(a)(2). But it withdrew the objection in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). After a two-level reduction for acceptance of responsibility, Williams faced a recommended sentencing range of 27–33 months.

At the sentencing hearing, Williams' counsel requested a sentence within the guidelines range. He noted Williams' difficult childhood, and Williams himself addressed the court to apologize for his conduct and to express his commitment to staying sober and parenting his children.

The government asked the court to impose an above-guidelines sentence and to make it consecutive to Williams' state sentences for bank robbery and drug possession. The government observed that this was not a typical felon-in-possession case. The circumstances indicated that Williams was holding the gun for Gooch, who had been involved in a series of violent robberies, or perhaps for Caldwell, who was a convicted bank robber. The government added that the officers found the gun in a room accessible to children and that Williams had an extensive criminal record, involving crimes of increasing severity.

The district court imposed a sentence of 60 months for the firearm violation, to run consecutive to Williams' 30-month state sentence for robbery and 7-month sentence for drug possession. The court gave these reasons for the sentence: the gun was likely being held for use in violent robberies, the gun posed a danger to children, and the defendant had an escalating criminal history. The court also noted that longer sentences like this one were needed to combat gun violence in Cleveland, and that the sentence was still well below the statutory maximum of 120 months.

On appeal, Williams claims that the district court abused its discretion in imposing a procedurally and substantively unreasonable sentence. We disagree.

Procedural reasonableness requires that a district court "properly calculate the guidelines range, treat the guidelines as advisory, consider the § 3553(a) factors and adequately explain the chosen sentence." *United States v. Presley*, 547 F.3d 625, 629 (6th Cir. 2009). Williams first argues that the court made a procedural error by failing to explain its decision to make a six-level upward departure under § 4A1.3 of the Guidelines, which provides that a district court may exceed the recommended range when reliable information "indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's

criminal history or [risk of recidivism]." U.S.S.G. § 4A1.3(a)(1). In making this upward departure, Williams maintains, the district court effectively granted the government's earlier request that Williams be classified as a career offender, even though *Johnson* (arguably) eliminated the basis for that classification.

But Williams misapprehends what happened. The district court repeatedly made clear that it was making a variance under § 3553(a), not a departure under § 4A1.3. *See United States v. Herrera-Zuniga*, 571 F.3d 568, 586–87 (6th Cir. 2009). By the time of sentencing, the government had withdrawn its request that Williams be subject to a higher offense level as a career offender, and the district court did not consider it. Because the district court based its decision to impose an above-range sentence on § 3553(a), not § 4A1.3, Williams' argument falls short of the mark.

Williams separately claims that his sentence is procedurally unreasonable because the district court failed to consider the § 3553(a) sentencing factors. "[A] sentence is procedurally reasonable if the record demonstrates that the sentencing court addressed the relevant factors in reaching its conclusion." *United States v. Dexta*, 470 F.3d 612, 614–15 (6th Cir. 2006). No "rote listing" of the factors is required. *Id.* at 615. What is required is that the court provide reasons for the sentence that "sufficiently reflect considerations akin to those enumerated in the statute." *United States v. Husein*, 478 F.3d 318, 330 (6th Cir. 2007). The court readily met that standard when it gave a detailed explanation of its decision to impose a sentence above the guidelines range. It discussed the circumstances of the offense and Williams' criminal history, *see* 18 U.S.C. § 3553(a)(1), and explained that the sentence was necessary to reflect the seriousness of the offense, to deter gun violence in Cleveland, and to protect the public, *see id.* § 3553(a)(2). At the same time, the court considered Williams' mitigating factors—his

experience of childhood abuse, trouble with substance abuse, and desire to maintain a relationship with his children—but found that an upward variance was warranted nonetheless. The court "considered the parties' arguments" and gave "a reasoned basis for exercising [its sentencing] authority." *United States v. Payton*, 754 F.3d 375, 378 (6th Cir. 2014). All in all, the court imposed a procedurally reasonable sentence.

But was it substantively reasonable? Williams thinks not. Here, too, we must disagree. "The sentence may be substantively unreasonable if the district court chooses the sentence arbitrarily, grounds the sentence on impermissible factors, or unreasonably weighs a pertinent factor." *United States v. Brooks*, 628 F.3d 791, 796 (6th Cir. 2011). When reviewing a sentence outside the guidelines range, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall v. United States*, 552 U.S. 38, 51 (2007). Williams argues that the district court put too much weight on his criminal history and the seriousness of the offense, leading to a longer-than-necessary sentence. The district court no doubt discussed both factors at length. But they are important factors, and the court acted well within its discretion in explaining that an upward variance was necessary to deter future gun violence and to protect the public from the defendant. Yes, the variance is substantial in relative terms; it doubled the recommended sentence. But the sentence remains no more than half of the statutory maximum. What matters is that the court considered and reasonably rejected Williams' arguments that a lower sentence was sufficient, and Williams offers no convincing reason to second-guess that decision.

Nor did the district court abuse its discretion by ordering Williams' federal sentence to be served consecutively to his state sentence for robbery. Because Williams did not object to his consecutive sentence when the district court asked if there were any objections to the sentence it

had just handed down, we review the district court's decision for plain error. *United States v. Harmon*, 607 F.3d 233, 236 (6th Cir. 2010); *United States v. Vonner*, 516 F.3d 382, 385–86 (6th Cir. 2008) (en banc); *United States v. Bostic*, 371 F.3d 865, 871 (6th Cir. 2004). When a district court imposes consecutive sentences, it does not abuse its discretion if it "makes generally clear the rationale under which it has imposed the consecutive sentence and seeks to ensure an appropriate incremental penalty for the instant offense." *United States v. Berry*, 565 F.3d 332, 342 (6th Cir. 2009). Nonetheless, the district court's discretion is not "unfettered," and "the record on appeal should show that the district court turned its attention to [U.S.S.G.] § 5G1.3[] and the relevant commentary." *Id.* (quotation omitted).

Although the district court made no mention of § 5G1.3, it gave a clear rationale for its decision and its analysis was consistent with the Guidelines' advice on whether to impose a concurrent sentence. Williams was not prejudiced by any error as a result. *See United States v. Olano*, 507 U.S. 725, 734 (1993). The Guidelines suggest that concurrent sentences be imposed when "a term of imprisonment resulted from another offense that is relevant conduct to the instant offense." U.S.S.G. § 5G1.3(b). But Williams' state convictions (one for drug possession and one for the bank robbery that Williams committed with a different gun the day after the search) did not involve conduct relevant to the federal felon-in-possession charge. When the underlying conduct is unrelated, the Guidelines advise sentencing judges to choose between concurrent or consecutive sentences in order to "achieve a reasonable incremental punishment for the instant offense." *Id.* § 5G1.3(d), comment. (n.4). That's just what the court did.

The commentary to § 5G1.3(d) lists several considerations the district court should weigh in determining what constitutes a "reasonable incremental punishment," including the § 3553(a) factors. We have held that considering the § 3553(a) factors alone suffices to support the

decision to impose a consecutive sentence, and that a district court need not repeat the § 3553(a) analysis it conducted when setting the sentence for the underlying offense. *Berry*, 565 F.3d at 343. Here, the district court was justified in imposing consecutive sentences for the same reasons it was justified in making an upward variance: the likelihood that Williams was holding the gun for Gooch or Caldwell to use in bank robberies, the danger his conduct posed to children, his escalating criminal history, the need to deter gun violence, and the need to protect the public from future violent crimes by Williams.

For these reasons, we affirm.