NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0317n.06

No. 19-2041

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Jun 02, 2020
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| ROLANDO PABLO-RAMOS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:    CLAY, ROGERS, and DONALD, Circuit Judges.

ROGERS, Circuit Judge.  After being convicted and sentenced in Michigan state court for operating a vehicle while intoxicated and domestic violence, Rolando Pablo-Ramos pleaded guilty to the federal offense of illegal reentry.  The district court varied downward 13 months from the bottom of the advisory Guidelines range to impose a sentence of 44 months' imprisonment, to run consecutively to defendant's undischarged state sentence.  Defendant appeals on the sole ground that the district court put forth an inadequate explanation for imposing a consecutive sentence.  This argument lacks merit, however, as the record demonstrates that the district court fully considered the relevant factors in deciding to impose a consecutive sentence.

In June 2018, Wyoming, Michigan police arrested Pablo-Ramos after he had reportedly attacked his girlfriend and young son.  Defendant was convicted in state court of one count of operating a vehicle while intoxicated/impaired and two counts of domestic violence.  Defendant

was sentenced in October 2018 to a term of 23-60 months' imprisonment. This was not defendant's first brush with the law; his criminal history spans 18 years and includes numerous convictions for driving under the influence of alcohol, domestic violence, and unauthorized entry into the United States.

While his state prosecution was ongoing, defendant was indicted by a federal grand jury for violating 8 U.S.C. §§ 1326(a) and (b)(1), which prohibit reentry into the United States of aliens who were previously removed after having been convicted of a felony offense. Defendant pleaded guilty to the federal offense in June 2019. In its presentence report, the probation office calculated a total offense level of 19 and a criminal history category of V, yielding an advisory Guidelines range of 57-71 months' imprisonment. The presentence report also noted that under U.S.S.G. § 5G1.3(d), the court had the authority to impose its sentence either concurrently with or consecutively to defendant's undischarged state sentence. Defendant did not object to the presentence report but argued in his sentencing memorandum for a downward variance and a concurrent sentence.

At the sentencing hearing, the defendant's attorney reiterated defendant's request for a concurrent sentence. The court acknowledged defendant's request, telling defense counsel in response, "I hear you." Defendant also asked for a variance on the basis that a criminal history category of V overstated his past criminal conduct. Defendant's attorney added that assuming Pablo-Ramos was paroled by state authorities after 23 months, the remaining 37 months of his state sentence would deter him from returning to the United States illegally, thus favoring a more lenient federal sentence. In response, the Government argued in favor of a consecutive sentence and took the position that § 5G1.3 of the Guidelines "generally reserves concurrent sentences for sentences that were imposed in other courts for relevant conduct." Because, in the Government's

view, defendant's latest state crimes of intoxication and domestic violence were unrelated to his federal immigration violation, a consecutive sentence was appropriate. The Government also opposed defendant's request for a downward variance, pointing to defendant's long criminal history, which included numerous felonies, as an indication of his disrespect for the law and tendency to recidivate.

The district court granted defendant's request for a variance and sentenced defendant to 44 months' imprisonment with three years of supervised release. In support of the variance, the court concluded that "the guideline calculations a bit overstate the seriousness of the offense and result in [a] guideline range that is longer than necessary." However, the court stated that it read through the presentence report "pretty thoroughly" and took notice of defendant's long criminal history. The court observed that although many of defendant's convictions did not contribute to his criminal history score under the guidelines, those convictions nonetheless "[did] lead one to worry." The court also concluded that defendant "is violent" based on its review of the facts underlying defendant's recent domestic violence conviction in state court. Finally, the court underscored the frequency and severity of defendant's prior convictions and implied that previous punishments have failed to deter the defendant:

> All the lawyers say -- for the defendants say, "He'll never do it again," and you look at just about every sentence I have I hear the defense lawyer say, "Oh, he'll never do it again. He'll never try to come back again. He'll never commit another crime. He won't touch a bottle of booze." But that's just not life.

The court pointed to defendant's propensity to recidivate as the main reason for imposing a three-year term of supervised release.

The court did not expressly discuss the issue of a concurrent versus consecutive sentence until the end of the hearing, when the Government's attorney asked the court to clarify its sentence:

> THE COURT: And what was your other question?
>
> MR. DANIELS: My second question was consecutive or concurrent?
>
> THE COURT: Consecutive.

The court then asked if either party had an objection. Defense counsel responded, "Your Honor, I respectfully object to the Court's decision to impose a consecutive versus concurrent sentence." The court replied, "[t]hat's fine," and did not address the matter further. Defendant timely appealed and now asserts that his sentence is procedurally unreasonable because the district court failed to articulate adequately its rationale for imposing a consecutive sentence.

A defense counsel's general objection to the imposition of a consecutive sentence at the sentencing hearing does not preserve a challenge on appeal to the sufficiency of the district court's *explanation of its reasoning* for that sentence. *See United States v. Harmon*, 607 F.3d 233, 237–38 (6th Cir. 2009). Accordingly, as defendant appears to concede, his claim is reviewed only for plain error. *See id.* at 238.

Section 5G1.3(d) of the Guidelines expressly states that district courts have discretion to impose a consecutive sentence where, as here, the conduct underlying the federal offense is unrelated to the defendant's undischarged term of imprisonment. *See United States v. Bowens*, 938 F.3d 790, 801 (6th Cir. 2019); *United States v. Williams*, 664 F. App'x 517, 521 (6th Cir. 2016). The district court did not plainly err in exercising this discretion in the present case. A district court provides an adequate explanation for imposing a consecutive sentence when, after viewing the "totality of the record," it is apparent that it weighed the considerations set forth in Application Note 4(A) to U.S.S.G. § 5G1.3. *United States v. Potts*, 947 F.3d 357, 369 (6th Cir. 2020) (citation omitted). These considerations include: (1) the factors listed in 18 U.S.C. § 3553(a); (2) the type and length of the prior undischarged sentence; (3) the time served and likely

to be served on the undischarged sentence; (4) whether the undischarged sentence was imposed in state or federal court; and (5) any other relevant circumstance. U.S.S.G. § 5G1.3, cmt. n.4(A).

The record in this case demonstrates that the district court considered all of the required factors. First, although the court did not expressly refer to § 3553(a), the court's conclusion that defendant's 44-month sentence was "significant and not more than necessary" clearly alluded to § 3553(a)'s requirement that a sentence be "sufficient, but not greater than necessary." In reaching this conclusion, the court evaluated many of the § 3553(a) factors, including "the nature and circumstances of the offense and the history and characteristics of the defendant." 28 U.S.C. § 3553(a)(1). The court discussed in detail the defendant's extensive criminal record, his history of alcohol abuse and violence, and the specific facts underlying his most recent state and federal convictions. The court also heard defendant's attorney's statements that defendant has children in the United States and would be returning to his parents' farm in Guatemala. In addition, the court's determination that defendant was likely to reoffend based on his history of repeated violations demonstrates that the court considered the relevant § 3553(a) factors of promoting respect for the law, providing adequate general deterrence, and protecting the public. *See* 28 U.S.C. §§ 3553(a)(2)(A)-(C).

The district court also took into consideration the remaining factors listed in the commentary to § 5G1.3(d). The district court expressly relied upon the presentence report, which noted that defendant's undischarged state sentence ranged from 23 to 60 months' imprisonment. The presentence report also advised the court that it was authorized under § 5G1.3(d) to impose its sentence concurrently with or consecutively to defendant's undischarged state sentence. Further, each of the parties put forth arguments at the sentencing hearing on the issue of whether to impose a consecutive sentence, with the Government explicitly raising § 5G1.3 of the

Guidelines. The court appeared to take notice of the issue when it inquired how much time remained on defendant's state sentence after hearing the defendant's request for a concurrent sentence. In short, the record reveals that the district court made an informed and reasoned decision to impose a consecutive sentence. The district court therefore did not commit plain error.

Our caselaw supports this conclusion. We have held that the district court is not required to refer to the relevant factors expressly, so long as its rationale for imposing a consecutive sentence is "generally clear" based on its own statements, the content of the presentence report, and/or the parties' arguments before the court. *See Potts*, 947 F.3d at 369; *United States v. Berry*, 565 F.3d 332, 343 (6th Cir. 2009). Furthermore, the district court's explanation for the length of the defendant's sentence, including its § 3553(a) analysis, may be "intertwined" with its explanation for imposing a consecutive sentence. *United States v. King*, 914 F.3d 1021, 1026 (6th Cir. 2019) (quoting *United States v. Johnson*, 640 F.3d 195, 208 (6th Cir. 2011)); *accord Berry*, 565 F.3d at 343. The court's § 3553(a) analysis, moreover, need not include every factor but only those that are relevant to the case at hand. *See United States v. Dexta*, 470 F.3d 612, 614–15 (6th Cir. 2006).

Defendant maintains that "[t]he record is devoid of information showing that the district court was aware of its discretion, followed the rationale in Application Note 4(A) to U.S.S.G. § 5G1.3, or exercised its discretion before imposing the consecutive sentence." Again, however, the record is contrary to the defendant's contention. The Government stated at the sentencing hearing that "the request for concurrent sentences, Your Honor, . . . is ultimately within the discretion of the court." The presentence report, which the court reviewed "pretty thoroughly," advised the same. In addition, the record indicates that the court considered many of the § 3553(a) factors as well as all of the other factors listed in Application note 4(A) to U.S.S.G. § 5G1.3(d).

For instance, the court at the sentencing hearing engaged in an extensive discussion of defendant's criminal history and addressed defendant's family circumstances both in the United States and in his native Guatemala. Moreover, the court discussed the particular facts of defendant's most recent state-court conviction and was informed as to the length of defendant's state sentence, how much time defendant had served on that sentence, and whether and when defendant would be eligible for parole. Also significant is the court's decision to grant defendant's request for a downward variance, which suggests that the court factored in the additional state punishment when fashioning defendant's sentence. Such an approach is permissible in order to achieve "an appropriate incremental penalty for the instant offense." *See United States v. Simons*, 752 F. App'x 291, 297 (6th Cir. 2018) (quoting *Berry*, 565 F.3d at 342).

To be sure, when a district court denies a defendant's request for concurrent rather than consecutive sentencing, the better practice would be for the district court to give reasons that specifically address that request. But our review in this case is for plain error. If in counsel's view a district court has denied concurrent sentencing with insufficient explanation, counsel has but to object to the lack of an explanation in order to obtain either a more direct explanation from the district court or more exacting appellate scrutiny of the failure to provide one.

The judgment of the district court is affirmed.