**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a1001n.06

No. 13-5260

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
Nov 25, 2013
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE |
| HENRY BRIGGS, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| Defendant-Appellant. | ) | DISTRICT OF TENNESSEE |
| | ) | |

BEFORE:  MOORE and GRIFFIN, Circuit Judges; KORMAN, District Judge.[*]

PER CURIAM.  Henry Briggs appeals through counsel the sentence imposed upon the revocation of his supervised release.

In 2004, Briggs entered a guilty plea to a charge of being a felon in possession of a firearm. He was sentenced to 77 months of imprisonment and three years of supervised release.  While on supervised release, he committed new state crimes:  assault and possession of cocaine, which violated the terms of his supervised release as well as his parole on a state conviction.  The state revoked his parole and imposed an additional year of imprisonment.

The district court held a sentencing hearing on the revocation of supervised release.  The guidelines sentencing range was calculated to be 21 to 24 months.  A probation officer testified that

---

[*]The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

Briggs did well on supervised release from October 2009 to April 2011. Counsel pointed out that Briggs had been both working and attending school before committing the new offenses. Briggs also spoke, asking the court to impose a sentence concurrent to his state sentence. The district court discussed the issues raised and the sentencing factors, including the nature of the new offenses and the defendant's lengthy criminal history. The district court imposed a sentence of eighteen months of imprisonment. Defense counsel asked the court to address whether the sentence would be concurrent or consecutive to the state sentence, to which the court responded that, generally, sentences for violations of supervised release run consecutively, although the court recognized that it had the discretion to run the sentence concurrently. However, the court saw no reason for a concurrent sentence in this case. The court then asked if there were any issues raised that it had failed to address, and defense counsel answered "No."

Briggs now argues that the district court failed to address the sentencing factors and to explain the decision to run the sentence consecutively.

We review a sentence imposed on revocation of supervised release for an abuse of discretion. *United States v. Kontrol*, 554 F.3d 1089, 1092 (6th Cir. 2009). However, objections that were not raised in the district court are reviewed for clear error. *United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008) (en banc). Here, counsel did not raise the argument that the district court failed to discuss the sentencing factors below, but now argues that the sentence is procedurally and substantively unreasonable on that basis. *See Gall v. United States*, 552 U.S. 38, 51 (2007). No clear error occurred in this case, as the district court's lengthy discussion of the issues raised by Briggs and the relevant sentencing factors demonstrates. *See United States v. Jeter*, 721 F.3d 746,

756 (6th Cir. 2013).

The decision to impose a sentence consecutively is also reviewed for an abuse of discretion. *United States v. Watford*, 468 F.3d 891, 915 (6th Cir. 2006). Briggs argues that the district court did not explain its rationale for imposing a consecutive sentence. However, the court is only required to make its rationale generally clear. *United States v. Owens*, 159 F.3d 221, 230 (6th Cir. 1998). Where the court has just engaged in a lengthy discussion of the sentencing factors in explaining the sentence itself, it is generally clear that the decision to impose a consecutive sentence is based on the same factors. *See United States v. Cochrane*, 702 F.3d 334, 346 (6th Cir. 2012).

Finding no clear error or abuse of discretion by the district court in this case, we affirm the sentence imposed.