NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0756n.06

No. 15-3445

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Nov 17, 2015
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,             )
                                       )
         **Plaintiff-Appellee,**       )        ON APPEAL FROM THE
                                       )        UNITED STATES DISTRICT
v.                                     )        COURT FOR THE NORTHERN
                                       )        DISTRICT OF OHIO
MARSHAY WILSON,                        )
                                       )        **OPINION**
         **Defendant-Appellant.**      )
                                       )

BEFORE:  SILER, MOORE, and GIBBONS, Circuit Judges.

    **KAREN NELSON MOORE, Circuit Judge.**  Marshay Wilson appeals his sentence for

violating the terms of his supervised release.  In 2008, Wilson was convicted of possession with

the intent to distribute between 50 and 150 grams of crack cocaine.  At sentencing, Wilson

successfully argued that the circumstances of his criminal history warranted a variance from the

career-offender guidelines to which he was subject, and he was sentenced to 96 months of

imprisonment.  In 2012, Wilson was granted a sentence reduction pursuant to Amendment 750 to

the Sentencing Guidelines, and his sentence was reduced to 63 months.  Wilson next incurred a

series of supervised-release violations, culminating in an eight-year sentence in Ohio state court

for drug trafficking and tampering with evidence.  During a hearing before a new district judge

regarding the effect of that state conviction on his supervised release, Wilson argued for a

sentence within the applicable guideline range of 37–46 months.  The government sought a 46-

month sentence, but the district court sentenced Wilson to 60 months, the statutory maximum.

Wilson argues that the district court based this sentence in part on an impermissible factor—the district court's disagreement with the prior district judge's grant of Wilson's motion for a reduced sentence. For the following reasons, we conclude that the district court did not abuse its discretion in sentencing Wilson to 60 months of imprisonment. We therefore **AFFIRM** Wilson's sentence.

## I. BACKGROUND

On April 12, 2007, Marshay Wilson pleaded guilty to conspiracy to possess with the intent to distribute and distribution of crack cocaine. *See* R. 1066 (Plea Agreement at 2) (Page ID #4170). Wilson admitted to responsibility for "at least 50 grams, but less than 150 grams" of crack cocaine. *Id.* During his sentencing hearing, Wilson acknowledged that he had been properly classified as a career offender, but urged the district court to consider the guidelines range that would have applied in the absence of an older assault conviction that arose out of what his lawyer termed a "mutual[ly] combative situation." R. 1447 (Tr. of May 5, 2008 Sentencing at 8:1–15) (Page ID #6745). That guidelines range was 77–96 months. *See id.* at 9:19–22 (Page ID #6746). The government argued for application of the career-offender range of 188–235 months. *See id.* at 19:1–19 (Page ID #6756). The district court sentenced Wilson to 96 months of incarceration, to be followed by four years of supervised release. *See* R. 1072 (Judgment at 2–3) (Page ID #4197–98).

On May 29, 2012, Wilson filed a motion under 18 U.S.C. § 3582(c) seeking a reduced sentence under Amendment 750 to the Sentencing Guidelines. *See* R. 1458 (Sealed Mot. To

Reduce Sentence) (Page ID #4885–96). The case was reassigned to another district judge, who granted Wilson's motion over the government's opposition, recognizing that "a reduction in sentence is not automatic," even for those who qualify under § 3582(c). R. 1496 (Aug. 10, 2012 Order at 2) (Page ID #5213). The district court exercised its discretion to reduce Wilson's sentence, emphasizing that Wilson presented "evidence of his efforts toward rehabilitation while incarcerated, as well as seven letters of support from the defendant's family and friends." *Id.* at 3 (Page ID #5214). Applying the new guidelines range of 51–63 months, the district court imposed the top of the range. *See id.* at 3–4 (Page ID #5214–15).

The first of Wilson's supervision violations came in late January 2013, when Wilson's teen-age son reported to the police that Wilson "had physically assaulted him." R. 1527 (Feb. 2013 Violation Report at 1) (Page ID #5360). Soon after, Wilson tested positive for cocaine. *See* R. 1531 (April 2013 Violation Report at 1) (Page ID #6776). Later that year, Wilson pleaded guilty to a charge of drug possession before the Cuyahoga County Common Pleas Court and was sentenced to time served. *See* R. 1544 (Aug. 8, 2013 Order at 1) (Page ID #6834). During a hearing before the district court in connection with that conviction, the district court revoked Wilson's supervised release, credited him for time served, and imposed the balance of his term of supervision. *See* R. 1561 (Sept. 16, 2013 Order at 1) (Page ID #6912). Wilson's case was subsequently reassigned once more to a different district judge.

On September 25, 2014, Wilson was arrested in Belmont County, Ohio, and charged in state court with drug trafficking and tampering with evidence. *See* R. 1601 (Arrest Warrant)

(Page ID #7230). The district court issued a warrant for Wilson's arrest, *id.*, and held a hearing on the violation on April 15, 2015. *See* R. 1623 (Tr. of April 15, 2015 Hearing) (Page ID #7309–37). By that date, Wilson had resolved the state-court proceedings by guilty plea and been sentenced to "eight years to be consecutive to any term that was imposed" in connection with Wilson's federal supervised-release violation. *Id.* at 3:4–17 (Page ID #7311). Wilson admitted the violation, *id.* at 2:10–13 (Page ID #7310), and argued that a sentence within the guidelines for his supervised-release violation (37–46 months, *id.* at 5:10–13 (Page ID #7313)) would be appropriate. *See id.* at 7:22–10:15 (Page ID #7315–18).

The district court recited the details of Wilson's arrest in connection with the state-court charge, including Wilson's flight on foot from the police during a traffic stop, *id.* at 12:24–15:9 (Page ID #7320–23), and discussed his criminal history, s*ee id.* at 15:21–17:18 (Page ID #7323–25). The district court also criticized the rulings of the two prior district judges to whom Wilson's case had been assigned. The district court indicated its disagreement with the decision not to sentence Wilson as a career offender. *See id.* at 15:15–18 (Page ID #7323) ("And for some reason unknown to me, apparently that determination was not made. He was not found to be a career offender. But he is a career offender. In just regular day-to-day parlance, he is more than a career offender"); *id.* at 17:19–22 (Page ID #7325) ("With that prior record, there was an argument to be made the defendant was in fact a career offender. That argument did not carry the day for some reason before the sentencing judge who was not me."). The district court then expressed concerns with the decision to reduce Wilson's sentence:

> Well, the sentencing reduction is permitted, but whoever the sentencing judge is, not to be critical, should and has an obligation to consider the 18:3553(a) factors. That's the problem with those kind of things, is that everyone just assumes, oh, it's an automatic instead of looking at the record and looking at the history of the defendant and individually assessing and deciding whether or not the defendant should be granted these automatic reductions, if I can say so by way of a commentary.
>
> And this was a case, as we now well know, where that kind of reduction was clearly unwarranted. And a thorough review of this defendant's record would have given anyone pause before doing so.

*Id.* at 18:9–22 (Page ID #7326). Finally, the district court noted the "lenien[cy]" that Wilson received in connection with his 2013 violations of the conditions of his supervised release. *See id.* at 19:20–25 (Page ID #7327) ("And then, again, despite that violation, his sanction for a supervised release violation, once again, is beyond me. He receives credit for time served. . . . It couldn't have been more lenient.").

The district court then imposed a 60-month term of imprisonment—the statutory maximum—to run consecutive to Wilson's sentence on the underlying state charge. *See id.* at 22:8–20 (Page ID #7330). Wilson's attorney objected "to the Court's use of [the] original sentence and any reduction under the sentencing amendment," arguing that "it's not a basis the Court should rely upon in imposing sentence here." *Id.* at 25:7–14 (Page ID #7333). The district court responded:

> I believe it's appropriate for me to consider the fact the defendant received some leniency and certainly received a downward adjustment for the so-called crack cocaine amendment. And that, at least in my view, is certainly an appropriate consideration given the fact that the defendant has argued that he's learned his lesson, so to speak, in so many different ways, that that leniency would indicate

5

that the defendant has been given chances, including the various efforts that were made on supervised release.

*Id.* at 26:18–27:2 (Page ID #7334–35). Wilson timely appealed his sentence. *See* R. 1621 (Notice of Appeal) (Page ID #7305).

## II. ANALYSIS

### A. Standard of Review

"The district court may revoke a defendant's term of supervised release and require the defendant to serve a new term of imprisonment pursuant to 18 U.S.C. § 3583(e)." *United States v. Polihonki*, 543 F.3d 318, 322 (6th Cir. 2008). Review of a sentence imposed for violation of the conditions of supervised release is identical to review of a sentence imposed for a conviction. *See United States v. Bolds*, 511 F.3d 568, 575 (6th Cir. 2007). "[A]ppellate review of sentencing decisions is limited to determining whether they are 'reasonable'" under an "abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 46 (2007). A district court abuses its discretion when it "'relies on clearly erroneous findings of fact, improperly applies the law, or uses an erroneous legal standard.'" *United States v. Munoz*, 605 F.3d 359, 366 (6th Cir. 2010) (quoting *United States v. Washington*, 584 F.3d 693, 695 (6th Cir. 2009)).

The "reasonableness" review applicable to sentencing decisions "means that we may overturn a sentence only if it is procedurally or substantively unreasonable." *United States v. Kontrol*, 554 F.3d 1089, 1092 (6th Cir. 2009). Wilson challenges only the substantive reasonableness of his sentence, so he will succeed only "'if the district court select[ed] the

sentence arbitrarily, base[d] the sentence on impermissible factors, fail[ed] to consider pertinent § 3553(a) factors or g[ave] an unreasonable amount of weight to any pertinent factor.'" *United States v. Melton*, 782 F.3d 306, 312 (6th Cir. 2015) (quoting *United States v. Kirchhof*, 505 F.3d 409, 413 (6th Cir. 2007)). We will not reverse based on "assertion[s] that the district court should have balanced the § 3553(a) factors differently," for the question is not "'whether in the first instance we would have imposed the same sentence.'" *United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008) (quoting *United States v. Ely*, 468 F.3d 399, 404 (6th Cir. 2006)). Furthermore, the focus of our review "is functional in nature"; the district court need not recite each of the § 3553(a) factors, but "must conduct a meaningful sentencing hearing and truly consider the defendant's arguments." *United States v. Gunter*, 620 F.3d 642, 646 (6th Cir. 2010).

## B. Analysis

Wilson argues that the district court based the sentence on an impermissible factor—namely, its disagreement with a prior district judge's grant of Wilson's § 3582 motion for a sentence reduction. *See* Appellant Br. at 8–12. According to Wilson, the district court wrongly characterized the grant of that motion as an act of "leniency" and therefore improperly based the sentence on disagreement with the Sentencing Commission's decision to reduce crack-cocaine sentences "to remedy the significant disparities for cocaine base and powder cocaine offenses." *Id.* at 10–11 (citing *Freeman v. United States*, 131 S. Ct. 2685, 2691 (2011)).

Wilson is incorrect to characterize the district court's decision as being based upon a policy disagreement with the Sentencing Commission. The district court expressed disagreement with the decision to grant Wilson's § 3582 motion in what the district court viewed as the absence of an appropriate assessment of the § 3553(a) factors specific to him that might counsel against a reduction, but the district court did not appear to question the policy underlying the general reduction in sentences. *See* R. 1623 (Tr. of April 15, 2015 Hearing at 18:2–24) (Page ID #7326). In any event, contrary to Wilson's argument, Appellant Br. at 11, we have held that district courts *may* base sentences on policy disagreements with a sentencing guideline. *See United States v. Camacho-Arellano*, 614 F.3d 244, 248–49 (6th Cir. 2010) (holding that our prior rule that a district court lacked authority "to premise a variance on disagreement with the policy of a guideline," "does not survive the Supreme Court's decision in *Kimbrough* [*v. United States*, 552 U.S. 85 (2007)]," which "was 'a recognition of district courts' authority to vary from the . . . Guidelines based on *policy* disagreement with them'") (quoting *Spears v. United States*, 555 U.S. 261, 264 (2009)).

The decision to which Wilson objects is the district court's consideration of what it viewed as the prior judge's leniency—granting a § 3582(c) motion without conducting what the district court considered a sufficient individualized assessment. But the district court did not arbitrarily impose a higher sentence to make up for what it viewed as the prior district judge's improper leniency; rather, it considered that, despite such "leniency," Wilson had continued to violate the law and the terms of his supervised release. *See* R. 1623 (Tr. of April 15, 2015

8

Hearing at 26:18–27:2) (Page ID #7334–35). Although it may not have been leniency that motivated the second judge to reduce Wilson's sentence based upon the Sentencing Commission's decision that the prior guidelines for crack-cocaine offenses were disproportionately high, the district court was permitted to consider Wilson's repeated reoffending after receiving that sentence reduction—as well as his receipt of a lower initial sentence due to the first judge's variance from the career-offender guidelines and a sentence of time served for his first set of supervised-release violations—when assessing what sentence would serve the purposes of § 3553(a), especially "in the discretion-filled context of supervised release." *Kontrol*, 554 F.3d at 1093. A guidelines range for a supervised-release violation "only considers the seriousness of the underlying crime and the defendant's criminal history," but "does not otherwise address a defendant's breach of trust by, for example, increasing the sentencing range for defendants who have appeared before the district court several times for violating their supervised release." *United States v. Branch*, 405 F. App'x 967, 970 (6th Cir. 2010). We have therefore affirmed above-guidelines sentences for supervised-release violations when a defendant had repeatedly flouted the terms of supervised release. *See, e.g.*, *United States v. Kokoski*, 435 F. App'x 472, 477 (6th Cir. 2011); *Polihonki*, 543 F.3d at 326; *Bolds*, 511 F.3d at 582. Accordingly, the district court was permitted to consider Wilson's repeated failure to take advantage of prior favorable sentencing decisions in considering whether a within-guidelines sentence would serve the purposes of § 3553(a). Its conclusion that an upward variance was justified by Wilson's repeated failure to take advantage of these chances—along

with factors such as the nature of his violation offense and his criminal history—was not an abuse of discretion.

Nor does our decision in *United States v. Recla*, 560 F.3d 539 (6th Cir. 2009), support Wilson's argument. That case addressed a unique problem that arises from the temporal sequencing of motions for a reduced sentence under Federal Rule of Criminal Procedure 35. At the time of sentencing, the *possibility* of a future Rule 35 motion based upon future cooperation may be apparent, but the predicate actions for such a motion, by definition, have not occurred. *See* Fed. R. Crim. P. 35(b)(1) (providing for a government motion to reduce sentence "if the defendant, *after sentencing*, provided substantial assistance in investigating or prosecuting another person") (emphasis added). *Recla* made clear that a sentence may not be based on any consideration of the possibility that post-sentence cooperation will occur and will trigger a Rule 35 motion. 560 F.3d at 545–46; *see also United States v. Bureau*, 52 F.3d 584, 595 (6th Cir. 1995) ("[T]he sentencing judge has an obligation to respond to a § 5K1.1 motion and to then state the grounds for action at sentencing without regard to future events."). Wilson's case involves no such temporal issues, and we have indicated that *Recla* does not apply to a district court's consideration of prior leniency received by a defendant. *See United States v. Espericueta-Perez*, 528 F. App'x 572, 578 (6th Cir. 2013) (finding *Recla* "inapposite" in a case in which a district court sentenced an individual for unlawful reentry and the defendant argued that the district court had varied above the guidelines due in part to consideration of "leniency" granted by a state court in a prior criminal case).

## III.  CONCLUSION

For the foregoing reasons, we conclude that the district court did not abuse its discretion in sentencing Wilson to 60 months of imprisonment.  Accordingly, we **AFFIRM** the district court's sentence.