NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0542n.06

No. 21-3166

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Nov 24, 2021
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | NORTHERN DISTRICT OF OHIO |
| CURTIS HINTON, | ) | |
| | ) | OPINION |
| Defendant-Appellant. | ) | |

Before: SUTTON, Chief Judge; STRANCH and BUSH, Circuit Judges.

**JANE B. STRANCH, Circuit Judge.** Curtis Hinton appeals his sentence for violating his conditions of supervised release, arguing that it is both procedurally and substantively unreasonable. Because Hinton's newly imposed term of supervised release exceeds the maximum permissible under 18 U.S.C. § 3583(h), we **VACATE** and **REMAND** for further proceedings on that aspect of Hinton's sentence. We **AFFIRM** all other aspects of Hinton's sentence.

## I. BACKGROUND

On December 19, 2017, Curtis Hinton pleaded guilty to one count of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349 and two counts of substantive bank fraud in violation of 18 U.S.C. § 1344(1). On March 28, 2018, Hinton was sentenced to time served—approximately eight months and fifteen days of imprisonment—and a supervised release term of three years. Hinton's term of supervised release began on August 29, 2018.

In January 2019, Hinton was charged with domestic violence in state court. As a result of the charge, the district court issued a warrant for Hinton's arrest for violating the terms of his

supervised release, which required that he "not commit another federal, state, or local crime." After conducting a violation hearing, the district court allowed Hinton to be released on bond pending the disposition of the new charge. The district court, however, imposed additional conditions on Hinton's release, requiring Hinton to undergo GPS monitoring and ordering him to have no contact with the victim of his domestic violence charge.

In March 2019, Hinton violated the bond conditions, and the district court revoked his bond. Hinton was subsequently held in custody pending the resolution of his new charge. In June 2019, Hinton pleaded guilty to a lower charge of misdemeanor assault in state court. Following the resolution of the state charge, the district court held a violation hearing.

Ahead of the violation hearing, the United States Pretrial Services and Probation Office (Probation Office) prepared a supplemental violation report outlining Hinton's violations and the corresponding Guidelines information. The supplemental report provided that Hinton was in Criminal History Category III and Grade C was the highest grade of violation, resulting in a Guidelines range of 5–11 months' imprisonment. At the hearing, Hinton admitted to the Grade C violation. The Probation Office indicated its willingness to continue to supervise Hinton. Recognizing the unusual circumstances of the Probation Office's willingness to continue supervision with Hinton, the district court sentenced Hinton to time served—approximately three months imprisonment—and continued Hinton's term of supervision.

Throughout the hearing, the district court stressed that it would not "be very lenient" if Hinton violated his supervised release again. The district court specifically noted that if Hinton violated his terms again, "I'll probably -- I'll give you definitely a guideline sentence, and I could give you up to two years." The district court concluded the hearing by telling Hinton "[Y]ou're going to have to prove yourself. That's all I'm saying."

In March 2020, the Probation Office filed a report indicating that Hinton had violated the terms of his supervised release again when he was charged with improperly handling a firearm in a motor vehicle and driving under suspension in state court. Hinton was eventually charged in the United States District Court for the Northern District of Ohio, Case No. 1:20-CR-294, with one count of possession of a firearm and ammunition by a convicted felon and one count of possession of a firearm by a person with a domestic violence conviction. This firearms case was assigned to the same district judge who presided over Hinton's supervised release. In October 2020, Hinton pleaded guilty to both offenses.

In February 2021, the district court held a combined sentencing hearing for the violation of supervised release and for the firearms case. Ahead of the sentencing hearing, the Probation Office filed a supplemental report affirming its recommendation of 8–14 months as Hinton's Guidelines range of imprisonment.

At the hearing, the district court considered Hinton's history and characteristics, including his age, drug-related issues, accommodation with law enforcement, criminal history, and the effort he was making since his arrest. The district court ultimately sentenced Hinton to twenty-four months imprisonment, to be served consecutively to the sentence in the firearms case, and three years of supervised release, to run concurrently with the term of supervised release in the firearms case. The district court explained that the prison sentence was to be served consecutively because Hinton committed the firearms offense while on supervision.

The district court then asked counsel for objections. Neither defense counsel nor the Government objected. Hinton himself, however, asked the district court to explain his sentence further. Specifically, Hinton noted that his Guidelines range for the supervised release violation was 8–14 months and that he was "trying to figure out why is it 24 months then." The district

court then explained that Hinton was correct that his Guidelines range was 8–14 months and further explained that 24 months was the maximum. When Hinton continued to express confusion, the district court explained "because you got another case while [ ] on supervision, you get the maximum." Following the hearing, the district court entered a written order reiterating its finding that Hinton violated his supervised release and outlining the resulting sentence.

Hinton timely appealed his sentences in both this supervised release violation case and the firearms case.[1] Hinton's appeal of the firearms case was resolved earlier this year by a different panel of this court, which affirmed the district court's judgment. *United States v. Hinton*, No. 21-3162 (6th Cir. Sept. 24, 2021) (order). In this present appeal, Hinton argues his sentence for violating his supervised release is both procedurally and substantive unreasonable.

## II. ANALYSIS

### A. Standard of Review

"Review of a sentence imposed for violation of the conditions of supervised release is identical to review of a sentence imposed for a conviction." *United States v. Wilson*, 630 F. App'x 575, 578 (6th Cir. 2015) (citing *United States v. Bolds*, 511 F.3d 568, 575 (6th Cir. 2007)). "Sentences in criminal cases are reviewed for procedural and substantive reasonableness." *United States v. Freeman*, 640 F.3d 180, 185 (6th Cir. 2011) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). We "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51. Then, we review

---

[1] While the two cases were consolidated on appeal, their status was later changed to related.

the substantive reasonableness of a sentence. *Id.* "Simply put, a defendant's sentence is substantively unreasonable if it is too long." *United States v. Lee*, 974 F.3d 670, 676 (6th Cir. 2020) (citing *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018)). And "[a] sentence is too long when it is 'greater than necessary' to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)(2)." *Id.* (quoting 18 U.S.C. § 3553(a)(2)).

Generally, reasonableness in sentencing is reviewed under the abuse-of-discretion standard. *United States v. Johnson*, 640 F.3d 195, 201 (6th Cir. 2011) (citing *United States v. Polihonki*, 543 F.3d 318, 322 (6th Cir. 2008)). Under this standard, we review the district court's legal conclusions de novo and its factual findings for clear error. *United States v. Shanklin*, 924 F.3d 905, 919 (6th Cir. 2019).

"Under the rule we adopted in *Bostic*, district courts are required, after announcing sentence, to 'ask the parties whether they have any objections to the sentence . . . that have not previously been raised.'" *United States v. Herrera-Zuniga*, 571 F.3d 568, 578 (6th Cir. 2009) (quoting *United States v. Bostic*, 371 F.3d 865, 872 (6th Cir. 2004)). "Where the sentencing judge complies with this procedure, the defendant generally forfeits the right to challenge on appeal any procedural errors to which he did not object at the time of sentencing." *Id.* In that situation, we review the claims for plain error instead of the usual abuse of discretion. *Freeman*, 640 F.3d at 186. Notably, "[a] defendant [ ] is not required to object to the substantive reasonableness of his sentence to preserve that issue for appeal." *Herrera-Zuniga*, 571 F.3d at 578.

"Plain error exists where there is '(1) error (2) that was obvious or clear, (3) that affected [the] defendant's substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings.'" *United States v. Donadeo*, 910 F.3d 886, 893 (6th Cir. 2018) (quoting *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc)).

### B.    Procedural Reasonableness

The parties first dispute which standard of review applies to the procedural reasonableness arguments Hinton raises on appeal.  The Government contends that the plain error standard is appropriate because Hinton's trial counsel did not raise these particular issues below.  Hinton argues that while his trial counsel did not object, Hinton himself raised some of the issues when he asked the district court multiple times to explain the above-Guidelines sentence after the sentence was announced.  Indeed, Hinton noted that the sentence imposed was outside of the Guidelines range and specifically stated, "I'm trying to figure out why is it 24 months then."

In *Vonner*, we applied the rule that "[n]ormally, a defendant must object to a district court's procedural errors in imposing sentence immediately after the court imposes the sentence, or any challenges to the procedural aspects of the sentence on appeal are reviewed for plain error." *United States v. Grams*, 566 F.3d 683, 686 n.1 (6th Cir. 2009) (citing *Vonner*, 516 F.3d at 390).  "As this court has recognized, the purpose of the rule applied in *Vonner* is to 'provide[ ] the district court with an opportunity to address the error in the first instance and allow[ ] this court to engage in more meaningful review.'" *Id.* (quoting *Bostic*, 371 F.3d at 871) (alterations in original).  As such, "[w]hen determining whether a party has adequately preserved a claim for appeal, this court examines the record 'with an eye to the realities of the facts and circumstances of each sentencing proceeding.'" *United States v. Davis*, 751 F.3d 769, 773 (6th Cir. 2014) (quoting *United States v. Morgan*, 687 F.3d 688, 694 (6th Cir. 2012)).

In the present case, while Hinton raised objections that were addressed by the district court, some of the issues he now raises on appeal were not preserved.  Hinton's inquiries about why his sentence was above the Guidelines range were sufficient to give the district court the opportunity to address Hinton's concern that it had not adequately explained the upward deviation.  In fact, it was not until Hinton himself raised the issue that the district court provided an explanation for

doing so, explaining it was "because you got another case while you're on supervision, you get the maximum." Accordingly, whether the district court procedurally erred in failing to adequately explain Hinton's sentence will be reviewed under the abuse of discretion standard. Hinton's arguments regarding the district court's treatment of the Guidelines as mandatory and his term of supervised release, however, were not preserved below and will be reviewed for plain error.

### 1. Term of Imprisonment

Hinton first challenges the procedural reasonableness of his term of imprisonment arguing that the district court failed to sufficiently explain its upward variance from the recommended Guidelines range, including a failure to consider the § 3553(a) factors. A district court "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall*, 552 U.S. at 50. An adequate explanation "involves considering the § 3553(a) factors" to a sufficient degree. *United States v. Byrd*, 843 F. App'x 751, 756 (6th Cir. 2021). "While the district court need not list each § 3533(a) factor by name, it must illustrate somehow that it did in fact consider each of the factors, offering something more than a 'conclusory judicial assertion' as proof." *Id.* (quoting *United States v. Ferguson*, 518 F. App'x 458, 467 (6th Cir. 2013)).

In the present case, the record reflects that the district court considered the relevant § 3553(a) factors, including Hinton's age, drug-related issues, accommodation with law enforcement, acceptance of responsibility, the effort he was making since his arrest as well as the specifics of Hinton's criminal history. The district court also noted both that Hinton had previously violated the conditions of his state community supervision as well as his supervised release in this case. Finally, it is apparent that the district court considered the policy statement in USSG § 7B1.3(f) when it noted that Hinton's sentence in this case would run consecutively with his sentence in the firearms case "because you committed this offense while you were on supervision."

The district court's discussion is sufficient to allow for meaningful appellate review and the perception of fair sentencing.

Next, relying on *United States v. Coppenger*, Hinton argues his sentence was procedurally unreasonable because "the facts or issues on which the district court relied to impose a variance came as a surprise and [the defendant's] presentation to the court was prejudiced by the surprise." 775 F.3d 799, 804 (6th Cir. 2015) (quoting *United States v. Rossi*, 422 F. App'x 425, 432 (6th Cir. 2011)). Hinton's argument ultimately fails because "the facts or issues" that the district court based its determination on were outlined in both the original Violation Report and the Supplemental Report in this case as well as the Presentence Investigation Report in the firearms case. Accordingly, Hinton cannot claim surprise.

Finally, Hinton argues that the district court treated the Guidelines as mandatory when it ordered that his sentence be served consecutively to his sentence in his firearms case. In a policy statement on the revocation of supervised release, the Guidelines recommend "[a] term of imprisonment imposed upon the revocation of . . . supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving." USSG § 7B1.3(f). We have explained, however, that "[t]his policy statement is not binding on the district court, and construing it to be mandatory would be reversible error." *Johnson*, 640 F.3d at 208. In this case, however, there is no evidence that the district court incorrectly believed the policy statement was binding.

### 2. New Term of Supervised Release

Hinton challenges his new three-year term of supervised release to be served after his twenty-four-month term of imprisonment as procedurally unreasonable. Hinton argues that the three-year term of supervised release exceeds the maximum allowed under 18 U.S.C. § 3583(h)

because it fails to take into account the term of imprisonment he served for the first violation of supervised release in 2019.

Under § 3583(h), "[w]hen a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment." However, "[t]he length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." *Id.* "[I]n determining 'the maximum term of supervised release . . . , 18 U.S.C. § 3583(h) requires that the term be reduced by *all* post-revocation terms of imprisonment imposed with respect to the same underlying offense, not only by the most-recent term of imprisonment.'" *United States v. Price*, 901 F.3d 746, 750 (6th Cir. 2018) (quoting *United States v. Rodriguez*, 775 F.3d 533, 534 (2d Cir. 2014)) (emphasis added).

In the present case, the maximum term of supervised release for the underlying conspiracy to commit bank fraud and substantive bank fraud offenses, which are all class B felonies, is five years. *See* 18 U.S.C. § 3583(b)(1).[2] The district court sentenced Hinton to a twenty-four month term of imprisonment for violating the terms of his supervised release. The district court properly subtracted this newly-imposed term of incarceration from the maximum term of supervised release, which lowered the permissible term of supervised release to three years—the term it imposed. In 2019, however, Hinton served approximately three months of imprisonment for his first violation of supervised release. Accordingly, the district court was required to also subtract those three months from the new term of supervised release.[3]

---

[2] While Hinton pleaded guilty to three counts, terms of supervised release may only run concurrently. *See* 18 U.S.C. § 3624(e); *see also United States v. Evans*, 559 F. App'x 475, 477–78 (6th Cir. 2014).

[3] In his briefing on appeal, Hinton approximates this term of imprisonment as two months and twenty-six days. The exact timeframe is a question for the district court on remand.

In *Price*, we held such an error is "obvious and not subject to reasonable dispute." 901 F.3d at 751. Since *Price*, the obviousness of the error is even more pronounced. As a result of the district court's obvious error, it sentenced Hinton to a term of release that exceeds the maximum allowed under § 3583(h), thus affecting his "substantial rights and 'the fairness, integrity, or public reputation of the judicial proceedings.'" *Id.* (quoting *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006)). The error also affected Hinton's substantial rights because "there is a reasonable probability that, but for the error, [he] would have received a more favorable sentence." *United States v. Hatcher*, 947 F.3d 383, 394 (6th Cir. 2020) (quoting *United States v. Wilson*, 614 F.3d 219, 223 (6th Cir. 2010)). The miscalculation constitutes plain error requiring remand.

## C. Substantive Reasonableness

Hinton argues his sentence was substantively unreasonable because the facts on which the district court relied to justify the upward variance were not aggravating factors, but rather facts already taken into account by the Guidelines range. As the Government points out, however, "[a] guidelines range for a supervised-release violation 'only considers the seriousness of the underlying crime and the defendant's criminal history,' but 'does not otherwise address a defendant's breach of trust by, for example, increasing the sentencing range for defendants who have appeared before the district court several times for violating their supervised release.'" *Wilson*, 630 F. App'x at 579–80 (quoting *United States v. Branch*, 405 F. App'x 967, 970 (6th Cir. 2010)). And "this court has held that a district court's imposition of an above-Guidelines sentence for a supervised release violation is substantively reasonable when a defendant has repeatedly violated" the conditions. *United States v. Glass*, 749 F. App'x 434, 441–42 (6th Cir. 2018) (collecting cases). Hinton's sentence is substantively reasonable.

## III.    CONCLUSION

For the foregoing reasons, Hinton's term of supervised release is **VACATED** and **REMANDED** for further proceedings consistent with this opinion, and all remaining aspects of Hinton's sentence are **AFFIRMED**.