NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0410n.06

No. 22-6129

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Sep 21, 2023
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE |
| v. | ) ) | |
| | ) | |
| LESTER TOLIVER, | ) | |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

Before: BATCHELDER, GRIFFIN, and BLOOMEKATZ, Circuit Judges.

PER CURIAM. Lester Toliver appeals his 24-month prison sentence imposed upon the revocation of his supervised release. As set forth below, we **AFFIRM** Toliver's sentence.

In November 2015, Toliver pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Toliver to 51 months of imprisonment, to be served consecutively to his state sentence for a probation violation, followed by three years of supervised release.

Toliver's three-year term of supervised release began in June 2020. Six months later, the probation office petitioned the district court to issue a warrant for Toliver's arrest, alleging that he had violated the conditions of his supervised release by committing another crime, failing to report his arrest and make monthly reports to his probation officer, testing positive for marijuana, and failing to participate in drug testing and mental health treatment as directed. Toliver's Grade B violations and category VI criminal history yielded a guidelines range of 21 to 27 months, which

was restricted by the 24-month statutory maximum. *See* 18 U.S.C. § 3583(e)(3); USSG § 7B1.4(a), p.s. After Toliver pleaded guilty to some of the violations, the district court revoked his supervised release, sentenced him to 12 months of imprisonment, and imposed a term of supervised release with the original expiration date, the first six months of which were to be served on home detention.

In September 2021, Toliver was released from custody and his supervision resumed. In June 2022, the probation office petitioned the district court to issue a warrant for Toliver's arrest. The probation office subsequently filed an amended petition, alleging that Toliver had violated the conditions of his supervised release by (1) testing positive for marijuana, (2) failing to report to his probation officer, (3) failing to follow his probation officer's instructions, (4) committing another crime (evading arrest, criminal impersonation, assault, and disorderly conduct), (5) committing another crime (theft of property, financial exploitation of an elderly or vulnerable person, and criminal simulation), and (6) committing another crime (theft of property).

At the supervised release violation hearing, the parties informed the district court that they had come to an agreed resolution: Toliver would plead guilty to the first three violations, the government would not proceed with the other violations, and the parties would recommend an 18-month sentence with no supervised release to follow. The district court again calculated Toliver's imprisonment range as 21 to 24 months.[1] Concluding that "[r]epeated violations of supervised release call for significant sentences," the district court rejected the parties' recommendation and sentenced Toliver to 24 months of imprisonment, to be served consecutively to his state sentence, with no supervised release to follow.

---

[1] The probation office's violation worksheet set forth a guidelines range of 27 to 33 months, adding six months for Toliver's unserved period of home detention. *See* USSG § 7B1.3(d), p.s. That range was restricted to 24 months by the statutory maximum. *See* 18 U.S.C. § 3583(e)(3).

In this timely appeal, Toliver challenges his 24-month consecutive sentence. We review sentences imposed following revocation of supervised release for procedural and substantive reasonableness under the same deferential abuse-of-discretion standard applied to sentences imposed following conviction. *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007).

With respect to procedural reasonableness, the district court "must properly calculate the guidelines range, treat that range as advisory, consider the sentencing factors in 18 U.S.C. § 3553(a), refrain from considering impermissible factors, select the sentence based on facts that are not clearly erroneous, and adequately explain why it chose the sentence." *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018). Toliver argues that the district court procedurally erred by considering an impermissible factor—the "break" given to him upon the first revocation of his supervised release—and by failing to explain its rationale for imposing a consecutive sentence. Because Toliver did not object to his sentence on these grounds when afforded the opportunity to do so at the conclusion of the violation hearing, we review his procedural challenges for plain error. *See United States v. Vonner*, 516 F.3d 382, 385–86 (6th Cir. 2008) (en banc). Toliver must "show (1) error (2) that 'was obvious or clear,' (3) that 'affected [his] substantial rights' and (4) that 'affected the fairness, integrity, or public reputation of the judicial proceedings.'" *Id*. at 386 (quoting *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006)).

Toliver first argues that the district court procedurally erred in considering the "break" given to him upon the first revocation of his supervised release, asserting that the previous grant of a downward variance is not a factor to be considered under § 3553(a). The district court noted that the imprisonment range applicable upon the first revocation of Toliver's supervised release was 21 to 27 months and that it imposed a 12-month sentence: "So kind of gave him a break early on." Despite that "tremendous break," the district court observed, Toliver went on to violate the

conditions of his supervised release in multiple ways, committing some of the same violations as he had previously committed and absconding from supervision. Toliver's prior violations and his below-guidelines sentence for those violations were valid considerations under § 3553(a), which instructs the district court to consider the defendant's history and characteristics and the need for the sentence imposed to afford adequate deterrence to criminal conduct. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(B). We have recognized that a district court is "permitted to consider [the defendant's] repeated failure to take advantage of prior favorable sentencing decisions in considering whether a within-guidelines sentence would serve the purposes of § 3553(a)." *United States v. Wilson*, 630 F. App'x 575, 580 (6th Cir. 2015); *see United States v. Morris*, 71 F.4th 475, 482 (6th Cir. 2023) (recognizing that the district court "may sanction the 'breach of trust' associated with a violation"). The district court therefore did not err in considering the "break" given to Toliver upon the first revocation of his supervised release.

Toliver also argues that the district court procedurally erred in failing to explain its rationale for ordering his 24-month sentence to be served consecutively to his state sentence.[2] When deciding to impose a consecutive sentence, "a district court must indicate on the record its rationale, either expressly or by reference to a discussion of relevant considerations contained elsewhere." *United States v. Cochrane*, 702 F.3d 334, 346 (6th Cir. 2012). But the district court need only make "generally clear the rationale under which it has imposed the consecutive sentence." *United States v. Owens*, 159 F.3d 221, 230 (6th Cir. 1998). "Where the court has just engaged in a lengthy discussion of the sentencing factors in explaining the sentence itself, it is

---

[2] The revocation judgment stated: "Case is to be served consecutively with City of Bartlett, Tennessee case# 2101892." During the violation hearing, the parties discussed the three-year sentence imposed in that state case that Toliver had yet to serve.

generally clear that the decision to impose a consecutive sentence is based on the same factors." *United States v. Briggs*, 543 F. App'x 583, 584 (6th Cir. 2013) (per curiam).

Here, the district court conducted a thorough review of the relevant § 3553(a) factors before finding that a 24-month sentence was appropriate and ordering that the sentence be served consecutively to Toliver's state sentence. "Although it would have been preferable" for the district court to delineate which factors justified a consecutive sentence, "it did not plainly err by failing to do so." *United States v. Brown*, 519 F. App'x 357, 358 (6th Cir. 2013). And even if the district court's explanation were insufficient, Toliver has failed to demonstrate prejudice. *See United States v. Fears*, 514 F. App'x 579, 583 (6th Cir. 2013) ("Where, as here, Defendant received the sentence that the Guidelines advised that he should receive (i.e., a consecutive one), *see* U.S.S.G. § 7B1.3(f), we are not persuaded that he was prejudiced by this error and will not exercise our discretion under plain error review to remand this case for re-sentencing.").

Toliver next challenges the substantive reasonableness of his sentence. "The essence of a substantive-reasonableness claim is whether the length of the sentence is 'greater than necessary' to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)." *United States v. Tristan-Madrigal*, 601 F.3d 629, 632–33 (6th Cir. 2010). "Simply put, a defendant's sentence is substantively unreasonable if it is too long." *United States v. Lee*, 974 F.3d 670, 676 (6th Cir. 2020). "One way to gauge the substantive reasonableness of a sentence is to ask whether 'the court placed too much weight on some of the § 3553(a) factors and too little on others' in reaching its sentencing decision." *United States v. Perez-Rodriguez*, 960 F.3d 748, 753–54 (6th Cir. 2020) (quoting *United States v. Parrish*, 915 F.3d 1043, 1047 (6th Cir. 2019)). We apply a rebuttable presumption of substantive reasonableness to a sentence within the applicable range. *United States v. Melton*, 782 F.3d 306, 313 (6th Cir. 2015). Toliver has not overcome that presumption.

Toliver first argues that his sentence is substantively unreasonable because the district court relied on an impermissible factor—the "break" given to him upon the first revocation of his supervised release. But "[t]he point [of substantive unreasonableness] is not that the district court . . . considered an inappropriate factor; that's the job of procedural unreasonableness." *Rayyan*, 885 F.3d at 442. In any event, as addressed above, the district court properly considered its prior leniency with Toliver and his continued failure to comply with the conditions of his supervised release despite that leniency.

Toliver also argues that his sentence is substantively unreasonable because the district court failed to provide any justification for imposing a consecutive sentence. The adequacy of the district court's explanation is a procedural issue, not a substantive one. *See Gall v. United States*, 552 U.S. 38, 50 (2007). In any event, the district court conducted a thorough review of the relevant § 3553(a) factors and acted within its discretion in ordering that Toliver's 24-month sentence be served consecutively to his state sentence. *See* USSG § 7B1.3(f), p.s.; *United States v. Hinojosa*, 67 F.4th 334, 347 (6th Cir. 2023).

For these reasons, we **AFFIRM** Toliver's sentence.